# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3504

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of South Dakota. |
| Mahlon Jeffries, | * | |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: March 16, 2005
Filed:  April 27, 2005

_____

Before MURPHY, HEANEY, and SMITH, Circuit Judges.

_____

MURPHY, Circuit Judge.

Mahlon Jeffries was indicted on six counts of abusive sexual contact and moved to dismiss the charges as time barred.  After the district court[1] denied his motion, Jeffries arranged to plead guilty to two counts while preserving his right to appeal the denial of his motion.  He received concurrent sentences of 30 months on each count and now appeals, arguing that the district court erred by denying his motion to dismiss.  We affirm.

_____

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

In March 2000, Jeffries' niece A.J. told staff at a group home in which she was living that he had molested her for several years when she was between six and nine years old. She reported that Jeffries had rubbed his penis directly on her vagina and forced her to touch his penis with her hand. She also reported being molested by another uncle starting when she was three or four. Jeffries subsequently admitted to law enforcement agents that he had touched A.J. in her vaginal area with his hand but claimed that the touching was over her clothes. He said that she was five or six years old at the time and that the sexual contact could have occurred during portions of two summers.

Jeffries was indicted on August 20, 2003 and charged with six counts of abusive sexual conduct for knowingly causing and attempting to cause A.J., a child under the age of 12, to engage in sexual contact, in violation of 18 U.S.C. §§ 1153, 2244(a)(1), 2241(c), and 2246(3). The indictment alleged that these acts took place between February 7, 1988 and February 6, 1992, when A.J. was between 5 and 9 years old.

A.J. was twenty years old at the time the indictment was filed, and Jeffries moved to dismiss the charges on the basis that the applicable statute of limitations had run. After the district court adopted the report and recommendation of a magistrate and denied the motion, Jeffries petitioned to plead guilty to counts I and II, while reserving his right to appeal the statute of limitations issue. The court accepted his conditional pleas based on his admissions to two instances of abusive conduct occurring between June 1, 1988 and September 30, 1989. The court later dismissed the four remaining counts on the government's motion and sentenced Jeffries to 30 concurrent months on each count. Jeffries appeals the denial of his motion to dismiss.

The general statute of limitations for noncapital crimes is five years, 18 U.S.C. § 3282, and Jeffries argues that the five year statute applies to his prosecution even

though Congress has passed laws extending the limitations period for child abuse offenses. Congress created a special statute of limitations for child abuse cases in 1990 by enacting 18 U.S.C. § 3509(k). Section 3509(k) was titled "Extension of child statute of limitations" and read in part, "No statute of limitation that would otherwise preclude prosecution for an offense involving the sexual or physical abuse of a child under the age of 18 years shall preclude such prosecution before the child reaches the age of 25 years." This language was deleted from § 3509(k) in 1994 and recodified at 18 U.S.C. § 3283. Pub. L. No. 103-322, title XXXIII, § 330018, 108 Stat. 2149. Section 3283 was in turn amended in 2003 to extend the limitations period for such offenses until the death of the child.

Jeffries argues that Congress did not explicitly make either § 3509(k) or § 3283 retroactive and that without such clear statement each provision is presumed to operate prospectively with no application to offenses before the date of its enactment, citing Johnson v. United States, 529 U.S. 694, 701 (2000), and United States v. J.W.T., 368 F.3d 994, 996 (8th Cir. 2004) (declining to give statute retroactive effect without a clear statement from Congress). He claims that application of § 3283 or § 3509(k) to his case would violate the ex post facto clause because the controlling statute of limitations has run and such an application would be an impermissible revival of an expired statute of limitations under Stogner v. California, 539 U.S. 607 (2003).

The government argues that the five year statute of limitations had not yet run when Congress enacted § 3509(k) in 1990, and that the new law extended the statute of limitations for the offense of child abuse, citing United States v. Johns, 15 F.3d 740, 743 (8th Cir. 1994). In Johns we held that § 3509(k) extended the five year statute of limitations for a child sexual abuse prosecution which had not already been time barred and that there was thus no violation of the ex post facto clause in that case. Jeffries responds that Johns did not discuss § 3283 and did not examine

-3-

whether § 3509(k) was intended to be applied retroactively or whether it operated as a revival statute in violation of the ex post facto clause.

We apply de novo review to questions of federal law such as whether a statute applies retroactively, and if so, whether retroactive application would violate the ex post facto clause. United States v. J.W.T., 368 F.3d 994, 996 (8th Cir. 2004). We also review de novo the denial of a motion to dismiss an indictment on statute of limitations grounds. United States v. Grimmett, 150 F.3d 958, 961 (8th Cir. 1998).

We have already decided that a prosecution for rape and carnal knowledge of a female under age sixteen was not barred by the general five year statute of limitations in § 3282 because Congress had extended the limitations period for child sexual abuse prosecutions which were not already time barred by enacting § 3509(k). Johns, 15 F.3d at 743. Moreover, both the title and the wording of § 3509(k) indicate that Congress intended by it to extend the general statute of limitations. When enacted in 1990, it was entitled "Extension of child statute of limitations" and it stated that no statute of limitations that would otherwise preclude prosecution should act as a bar before the victim reaches the age of twenty five. 18 U.S.C. § 3509(k) (1991). The statutory language of § 3509(k) was later recodified at § 3283 and continued to extend the statute of limitations in child abuse cases.

The indictment charged Jeffries with abusive acts between February 7, 1988 and February 6, 1992. Under the general five year limitations statute, the government would have had until February 7, 1993 to charge Jeffries for the earliest conduct alleged. Section 3509(k) was enacted in 1990 before the five year statute of limitations had run on the earliest offense charged in the indictment. Under the extended statute of limitations recodified at § 3283, the prosecution had until A.J. reached age twenty five to prosecute Jeffries. Since A.J. was born on February 7, 1983, she would not have been twenty five until February 7, 2008. The indictment

was filed on August 20, 2003, well within the limitations period, as were the offenses to which he pled (admitting conduct between June 1, 1988 and September 30, 1989).

The law is well settled that extending a limitations period before prosecution is barred does not violate the ex post facto clause. Johns, 15 F.3d at 743; United States v. Madia, 955 F.2d 538, 539-40 (8th Cir.1992). Such an extension is different from application of a law to extend a limitations period after it has run. Stogner v. California, 539 U.S. 607, 618 (2003). A law enacted after the expiration of a previously applicable limitations period violates the ex post facto clause when it is applied to revive a previously time barred prosecution. Stogner, 539 U.S. at 632-33. In this case as in Johns, § 3509(k) extended the statute of limitations period before the prosecution was time barred, and Stogner does not affect extensions of unexpired statutes of limitations. Id. at 618.

The judgment of the district court is therefore affirmed.
_____