# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MAHER, SULLIVAN, and HOLDEN
Appellate Military Judges

**UNITED STATES, Appellant**
**v.**
**Sergeant ERIC LOPEZ de VICTORIA**
**United States Army, Appellee**

ARMY MISC 20061248

United States Army Armor Center and Fort Knox
Richard J. Anderson, Military Judge
Colonel Lisa Anderson-Lloyd, Staff Judge Advocate

For Appellee: Lieutenant Colonel Steven C. Henricks, JA; Major Fansu Ku, JA (on brief).

For Appellant: Colonel John W. Miller II, JA; Lieutenant Colonel Michele B. Shields, JA; Captain Larry W. Downend, JA; Captain James P. Leary, JA (on brief).

7 May 2007

---------------------------------------------------------------------------
OPINION OF THE COURT AND ACTION ON APPEAL
BY THE UNITED STATES FILED PURSUANT TO
ARTICLE 62, UNIFORM CODE OF MILITARY JUSTICE
---------------------------------------------------------------------------

MAHER, Senior Judge:

The government's timely appeal under Article 62, Uniform Code of Military Justice, 10 U.S.C. § 862 [hereinafter UCMJ], is hereby granted. The decision of the military judge setting aside Specifications 1, 2, and 4 of Charge I and the sentence is vacated. We hold the November 2003 Congressional Amendment [hereinafter 2003 Amendment] to Article 43, UCMJ [hereinafter Article 43][1] extending the statute of

---

[1] Article 43, Statute of Limitations, provides in relevant part:

> (b)(1) [A] person charged with an offense is not
> liable to be tried by court-martial if the offense was
> committed more than five years before the receipt of sworn
> charges and specifications by an officer exercising
> summary court-martial jurisdiction over the command.

(continued . . .)

limitations from five years to the child victim's twenty-fifth birthday applies retroactively to offenses committed before Congress enacted the 2003 Amendment, so long as the previous limitations period has not already expired.[2]

A panel of officer and enlisted members sitting as a general court-martial convicted appellee, contrary to his pleas, of making a false official statement, indecent acts with a child (two specifications), and indecent liberties with a child, in violation of Articles 107 and 134, UCMJ, 10 U.S.C. §§ 907 and 934. The panel sentenced appellee to a dishonorable discharge, confinement for four years, forfeiture of all pay and allowances, and reduction to Private E1.

At a post-trial Article 39(a) hearing, the military judge ruled the statute of limitations barred convicting appellee of indecent acts with a child and indecent liberties with a child because the 2003 Amendment extending the statute of limitations did not apply retroactively to offenses committed before its enactment. The military judge set aside those findings and the sentence and ordered further sentencing proceedings for the remaining findings of guilty to false official statement. The government filed a timely appeal to our court under Article 62, UCMJ.

This court must now decide whether, when Congress amended Article 43 to extend the statute of limitations for child abuse offenses, it also intended to extend the statute of limitations for those crimes that had already been committed against children, but whose statute of limitations had not yet expired under the previous limitation period.

---

(. . . continued)

> (2)(A) A person charged with committing a child abuse offense against a child is liable to be tried by court-martial if the sworn charges and specifications are received before the child attains the age of 25 years by an officer exercising summary court-martial jurisdiction with respect to that person.

[2] While our superior court has characterized correctly applying Article 43 as a "legal bramble," the issue of retroactive application of an unexpired statute of limitations appears to be one of first impression, and we now "engage in the mental gymnastics necessary to untangle" it. *United States v. Moore*, 32 M.J. 170, 171 n.1 (C.M.A. 1991).

We hold that Congress did have such intent. Congress "makes no contract with criminals at the time of the passage of acts of limitations that they shall have immunity from punishment if not prosecuted within the statutory period." *State v. Skakel*, 888 A. 2d 985 (Conn.), *cert. denied*, 2006 U.S. Lexis 8617 (2006) (internal citations and quotations omitted).

## Factual and Procedural Background

The relevant facts are undisputed. Appellee sexually molested his then six-year-old stepdaughter on divers occasions between November 1998 and June 1999. When the offenses came to light more than seven years later, the government preferred charges.

During appellee's trial in December 2006, the military judge, sua sponte, questioned whether the statute of limitations barred the government from prosecuting appellee. Under the five-year statute of limitations in Article 43, the deadline to prosecute appellee's offenses would have expired on 25 November 2003 unless extended by the 2003 Amendment.[3]

The military judge initially ruled the government could prosecute appellee because Congress amended Article 43 to extend the statute of limitations for sexual offenses committed against children as of 24 November 2003.[4] Congress extended the previous five-year statute of limitations for the charged offenses just before it

---

[3] The government charged appellee with specifications of sexual misconduct occurring between 24 November 1998 and 1 June 1999. The military judge amended the charge sheet to reflect a start date of 25 November 1998 for these acts of sexual abuse. The military judge correctly recognized that the five-year statute of limitations barred prosecuting appellee for any of the offenses he committed on 24 November 1998 (or earlier), regardless of whether Congress extended the statute of limitations, since such prosecution would violate the *Ex Post Facto* Clause. *See infra*.

[4] The extension requires the appropriate summary court-martial convening authority receive the charges before the child-victim attains the age of twenty-five. In this case, the victim, born on 30 October 1992, was thirteen years old when the summary court-martial convening authority received the charges. In fact, at the time of trial, the government had until 2017 to prosecute appellee. National Defense Authorization Act for Fiscal Year 2004, Pub. L. No. 108-136, 117 Stat. 1392 (2003)[hereinafter FY 04 NDAA].

expired for appellee's offenses on 25 November 2003.  Nothing, therefore, barred the prosecution against appellee.

The military judge also addressed whether the extension of the statute of limitations applied retroactively or prospectively since a lack of retroactive application to offenses committed before 24 November 2003 would bar appellee's prosecution.  Since the public law amending the extension of the statute of limitations was silent on this matter, the military judge ruled it applied retroactively and the trial proceeded through findings and sentence.

After sentencing, at the post-trial Article 39(a) hearing, the military judge sua sponte reconsidered his prior ruling.  He concluded, as "a matter of fact and law", Congress was silent on the retroactive application of the 2003 Amendment.  The military judge then ruled in the absence of "such a clear and unequivocal declaration of [retroactive applicability] . . . the amendment . . . can only be applied prospectively."  Without retroactive application, the military judge set aside the three specifications related to the sexual misconduct with a child and the sentence.

**Discussion**

I. *Standard of Review*

When ruling on government interlocutory appeals made pursuant to Article 62(b), UCMJ, our court "may act only with respect to matters of law."  We may not make additional findings of fact; rather, "[o]n questions of fact, [our] court is limited to determining whether the military judge's findings are clearly erroneous or unsupported by the record.  If the findings are incomplete or ambiguous, the 'appropriate remedy . . . is a remand for clarification or additional findings." *United States v. Lincoln*, 42 M.J. 315, 320 (C.A.A.F. 1995) (quoting *United States v. Kosek*, 41 M.J. 60, 64 (C.M.A. 1994)).  Moreover, we are "bound by the military judge's factual determinations unless they are unsupported by the record or clearly erroneous." *United States v. Gore*, 60 M.J. 178, 185 (C.A.A.F. 2004). This court may not "find its own facts or substitute its own interpretation of the facts." *United States v. Cossio*, 64 M.J. 254, 256 (C.A.A.F. 2007) (citing *United States v. Mizgala*, 61 M.J. 122, 127 (C.A.A.F. 2005)).  However, we review questions of law de novo. *Kosek*, 41 M.J. at 63; *United States v. Rittenhouse*, 62 M.J. 509, 511 (Army Ct. Crim. App. 2005).

4

*United States v. Jones*, 64 M.J. 596, 601 (Army Ct. Crim. App. 2007).

Questions concerning statutes of limitations are questions of law subject to de novo review. *United States v. McElhaney*, 54 M.J. 120, 125 (C.A.A.F. 2000) (citing 1 Steven Childress & Martha Davis, Federal Standards of Review § 2.13 (3d ed. 1999)). *See also United States v. Viera*, 64 M.J. 524, 528 (A.F. Ct. Crim. App. 2007); *United States v. Jeffries*, 405 F.3d. 682, 684 (8th Cir.), *cert. denied*, 546 U.S. 1007 (2005). Although the military judge in this case characterized his conclusion concerning Congressional intent as findings of *fact and law*, our superior court has held that "[i]nterpretation[s] of a statute and its legislative history are questions of *law* that we review de novo." *United States v. Reeves*, 62 M.J. 88, 91 (C.A.A.F. 2005) (citing *United States v. Falk*, 50 M.J. 385, 390 (C.A.A.F. 1999)) (emphasis added). "Military judges must be careful to restrict findings of fact to things, events, deeds, or circumstances that 'actually exist' as distinguished from 'legal effect, consequence, or interpretation.'" *United States v. Cossio*, 64 M.J. 254, 357 (C.A.A.F. 2007) (citing *Black's Law Dictionary* 629 (8th ed. 2004) (defining "fact")).

## II. *Statutes of Limitations*

Congress enacted separate criminal statutes of limitation for federal practice and military practice. *See McElhaney*, 54 M.J. at 124. The two interrelate, however, and both are relevant to our analysis in this case.

### A. *Military Practice*

Congress enacted the UCMJ in 1950, and Article 43 allowed for a three-year statute of limitation in time of peace for violations of Articles 119 through 132, UCMJ[5] and two-year limitations for violations of Article 133 and 134, UCMJ.[6] Congress, however, also included a "savings clause" to preserve offenses the government could have prosecuted under the Articles of War (or Articles for the Government of the Navy) which preceded enactment of the UCMJ. Section 4 of the Act of 5 May 1950 provided:

---

[5] UCMJ art. 43(b)(1), Pub. L. No. 81-506.

[6] In time of war, Article 43(c) provides for an extension of the statute of limitations for certain offenses. When Congress enacted the UCMJ, it chose to generally follow the statute of limitations found under Article 39, Articles of War, rather than the existing federal statutes of limitations.

> 'All offenses committed . . . prior to the effective date of
> this Act under any law embraced in or modified, changed
> or repealed by this Act may be prosecuted, punished, and
> enforced, and action thereon may be completed, in the
> same manner and with the same effect as if this Act had
> not been passed.'
>
> It is clear that the executive order implemented the
> savings clause of the statute by providing that acts or
> omissions occurring before 31 May 1951 which amounted
> to a violation of the Articles of War should be charged as
> such and not as violations of the Uniform Code [of
> Military Justice].

*United States v. Downard*, 1 C.M.R. 405, 413 (C.M.R. 1951)(emphasis added);
*United States v. Welch*, 1 C.M.R. 258, 263 (A.B.R. 1951).

Thus, from its inception, Congress allowed for a mechanism in the UCMJ to save earlier offenses. Article 43 remained unchanged until 1986, shortly after the Army began prosecuting fraud cases involving special operations funds.[7] Congress then amended the statute of limitations for UCMJ violations to match the general five-year statute of limitations in federal criminal practice for most offenses.[8] When Congress extended the limitation to five years, it expressly provided a prospective limitation by stating "the amendments shall apply to an offense committed on or

---

[7] *See United States v. Longhofer*, 29 M.J. 22 (C.M.A. 1989), *United States v. Byard*, 29 M.J. 803 (A.C.M.R. 1989), *United States v. Duncan*, 34 M.J. 1232, 1235 (A.C.M.R. 1992).

[8] National Defense Authorization Act for Fiscal Year 1987, Pub. L. No. 99-561, § 805(a), 100 Stat. 3816, 3908 (1986)[hereinafter FY 07 NDAA].

after the date of the enactment of this Act."[9] Congress described its change to the statute of limitations as a "revision" and not an "extension."[10]

## B. *Federal Practice*

In federal criminal law, since 1948, "the general statute of limitations for noncapital crimes [has been] five years, 18 U.S.C. § 3282." *United States v. Jeffries*, 405 F.3d at 683-684. Four years after first amending Article 43, Congress also extended the statute of limitations for federal child abuse offenses until the child victim reached the age of twenty-five, when it enacted the Victims of Child Abuse Act of 1990 (VCAA).[11] In a section titled "Extension of Child Statute of Limitations," Congress provided: "No statute of limitation that would otherwise preclude prosecution for an offense involving the sexual or physical abuse of a child under the age of 18 years shall preclude such prosecution before the child reaches the age of 25 years." 18 U.S.C § 3509(k). In 1994, Congress recodified this language in 18 U.S.C. § 3283.[12] "In 2003, Congress again amended the statute to extend the statute of limitations so that the government could continue to prosecute suspected child abusers at any time 'during the life of the child.'" *United States v. Chief*, 438 F. 3d. 920, 922 (9th Cir. 2006).

## C. *Effect on Military Practice*

In *United States v. McElhaney*, our superior court held the federal statute of limitations for child abuse offenses did not apply to servicemembers. 54 M.J. at 126. In *McElhaney*, the Court of Appeals for the Armed Forces (CAAF) ruled the Air Force Court of Criminal Appeals erred when it applied the statute of limitations

---

[9] FY 07 NDAA. Consequently, service courts set aside convictions where members of the armed forces committed offenses before Congress amended Article 43 in 1986 and if the statute of limitations had run by the time the summary court-martial convening authority received the charges. *See United States v. Shinault*, 28 M.J. 666 (N.M.C.M.R. 1989); *United States v. Jones*, 26 M.J. 1009 (A.C.M.R. 1988); *United States v. Lopez*, 1992 CMR LEXIS 352 (A.F.C.M.R. Mar. 30, 1992).

[10] *See id.* § 805(c).

[11] 18 USC § 3509(k), *See* Crime Control Act of 1990, 101 Pub. L. No. 647; 104 Stat. 4789 (1990). *See also United States v. Jeffries*, 405 F. 3d. at 683.

[12] Pub. L. No. 103-322, § 330018 (1994); *See Jeffries*, 405 F. 3d. at 683–84.

of 18 U.S.C. § 3283 instead of the five-year statute of limitations of Article 43.  The CAAF noted "Congress did not expressly address the relationship of this provision to the UCMJ in either the language of the VCAA or its legislative history."  54 M.J. at 125.  The CAAF analyzed whether the statute of limitations of the VCAA applied to the UCMJ "by reading this section in context—as one section of § 3509" and concluded Congress intended to apply the provisions of § 3509 to "federal district courts, not courts-martial."  *Id.*  Consequently, the CAAF found the appellant's offenses time barred and reversed his convictions.  *Id.* at 134.

After the CAAF's decision in *McElhaney*, Senator Nelson (D, Florida)[13] introduced legislation in 2003 to ensure military practice mirrored federal criminal practice.[14]  On 23 November 2003, Congress incorporated Senator Nelson's language into the Fiscal Year 2004 National Defense Authorization Act [hereinafter FY 04 NDAA].  Unlike its 1986 amendment, Congress entitled the 2003 Amendment to Article 43 an "extended limitation period,"[15] as opposed to a "revision."

---

[13] "[S]erious convictions were overturned by the [CAAF] which determined that the shorter period of limitations for the statute of limitations provided by the UCMJ applied to the case instead of the extended prosecution period provided by the VCAA. . . .  My bill clarifies that the VCAA's statute of limitations applies to courts-martial whenever a case arises involving the sexual or physical abuse of a child." 108 Cong. Rec. S2053 (2003) (Statement of Sen. Nelson).

[14] *Id.* Senate Bill 326 stated:

> Section 1.  EXTENDED LIMITATION PERIOD FOR PROSECUTION OF CHILD ABUSE CASES IN COURTS-MARTIAL.
> Section 843(b) of Title 10, United States Code (Article 43 of the Uniform Code of Military Justice), is amended by adding at the end the following new paragraph:
>
> "(3) Section 3283 of title 18, relating to an extension of a period of limitation for prosecution of an offense involving sexual or physical abuse of a child under the age of 18 years, shall apply to liability of a person for trial for such an offense by a court-martial and liability of a person for punishment for such an offense under section 815 of this title (article 15).

[15] FY04 NDAA, S. Res. 1050, Sec. 551, 108th Cong. (2003) (enacted), stating:

(continued . . .)

D. *Federal Law and Military Law Continues to Expand*

Meanwhile, Congress continued extending the statute of limitations in federal law.  In April 2003, Congress extended the statute of limitations in 18 U.S.C. § 3283 for the life of the child-victim or five years after the offense, whichever is longer.[16] The Senate Armed Services Committee (SASC) described the provision as an extension and replacement for the five-year limit.[17]  Also, in 2006, Congress inserted "or for ten years after the offense, whichever is longer" in place of the "five years after the offense, whichever is longer."[18]  Similarly, in 2006, Congress further amended Article 43 for child sex abuse crimes for the life of the child or five years, whichever was greater.

III. *Ex Post Facto*

"The Constitution's two *Ex Post Facto* Clauses prohibit the Federal Government and the States from enacting laws with certain retroactive effects.  *See* Art. I, § 9, cl. 3 (Federal Government)."  *Stogner v. California*, 539 U.S. 607, 610 (U.S. 2003).  In *Stogner*, the Supreme Court held that the *Ex Post Facto* Clause of the Constitution prohibited the prosecution of a child sex abuse offense when the state enactment amending the statute of limitations period "permitted resurrection of an otherwise time-barred criminal prosecution and . . . had been enacted after the pre-existing limitations periods for the prosecution in question had expired."[19]

---

(. . . continued)
EXTENDED LIMITATION PERIOD FOR PROSECUTION OF CHILD ABUSE CASES IN COURTS-MARTIAL.

[16] *See* Pub. L. No. 108-21, § 202, 117 Stat. 650, 660 (2003); *See also Jeffries*, 405 F. 3d. at 684.

[17] FY04 NDAA, S.Res. 1050, Sec. 551, 108th Cong. (2003) (enacted), stating: EXTENDED LIMITATION PERIOD FOR PROSECUTION OF CHILD ABUSE CASES IN COURTS-MARTIAL.

[18] Jan. 5, 2006, P.L. 109-162, Title XI, Subtitle C, § 1182(c), 119 Stat. 3126.

[19] The decision in *Stogner* follows a line of cases holding it impermissibly oppressive and unfair when a "new law inflicts a punishment upon a person not then subject to that punishment, to any degree."  *Id.* at 613–614.

In the instant case, the parties concede and the military judge correctly ruled the *Ex Post Facto* Clause of the Constitution did not bar the government from prosecuting appellee. Preferring charges against appellee did not resurrect any time-barred offenses. On 23 November 2003, Congress enacted the legislation expanding the statute of limitations for child abuse offenses from five years until the child victim's twenty-fifth birthday, with an effective date of 24 November 2003.[20] The military judge, seemingly concerned about resurrecting a time-barred offense in appellee's case, amended the sexual abuse offenses to allege misconduct he committed no earlier than 25 November 1998. Also, appellee's stepdaughter was thirteen years old when the summary court-martial convening authority received the charges. We conclude, as did the military judge, that the *Ex Post Facto* Clause does not bar prosecution of any of the offenses.[21]

IV. *Prospective or Retroactive Application*

With this background, we now begin to find our way through the legal bramble: Does the 2003 Amendment apply retroactively to sexual offenses servicemembers committed against children on or before the amendment's effective date of 24 November 2003? Appellee contends and the military judge held if Congress fails to make "clear and unequivocal" whether it intends for a statute of limitations to apply retroactively, then the statute of limitations will apply only

---

[20] National Defense Authorization Act for Fiscal Year 2004, Pub. L. No. 108-136, 117 Stat. 1392 (2003) [hereinafter "FY 04 NDAA"].

[21] Judge Learned Hand provided the "classic explanation" for why the legislature cannot revive a prosecution once the statute of limitations for it expires:

> Certainly it is one thing to revive a prosecution already dead, and another to give it a longer lease of life. The question turns on how much violence is done to our instinctive feelings of justice and fair play. For the state to assure a man that he has became safe from its pursuit, and thereafter to withdraw its assurance, seems to most of us unfair and dishonest. But, while the chase is on, it does not shock us to have it extended beyond the time first set, or, if it does, the stake [sic] forgives it.

*Hodgson*, 740 P. 2d. at 851 (citing *Falter v. United States*, 23 F. 2d. 420, 425–26 (2d Cir.), *cert. denied*, 277 U.S. 590 (1928)).

prospectively to offenses committed after the statute is extended. Although some authority supports appellee's position, the weight of authority is to the contrary.[22] One approach suggests:

> There is nothing 'retroactive' about the application of an extension of a statute of limitations, so long as the original statutory period has not yet expired. Such application does not offend the prohibition in Article 1, § 9, Clause 3 of the Constitution against ex post facto laws. *United States v. Powers*, 1939, 307 U.S. 214, 59 S.Ct. 805, 83 L.Ed. 1245, rehearing denied, 1939, 308 U.S. 631, 60 S.Ct. 66, 84 L.Ed. 526; *United States v. Ganaposki*, D.C.M.D.Pa.1947, 72 F.Supp. 982.

---

[22] For instance, when the United States Supreme Court addressed the statute of limitations for failing to register for the draft, it held "[c]riminal statutes of limitations . . . are to be liberally interpreted in favor of repose." *Toussie v. United States*, 397 U.S. 112, 115 (1970). In *Toussie,* the Supreme Court addressed whether a failure to register for the draft constituted a continuing offense. It concluded defendants complete the offense five days after reaching their eighteenth birthdays. *Id.* at 123-124. In *Toussie*, however, the Supreme Court decided whether Congress intended for the offense to be a continuing one, not whether legislation had enlarged the statute of limitations. *Id.* at 119-120. Congress superseded *Toussie* by enacting legislation extending the statute of limitations to within five years of one's twenty-sixth birthday or within five years of registering, whichever occurred first. Congress, however, failed to indicate whether the change was to be made prospectively or retroactively. In *United States v. Richardson,* 512 F.2d 105 (3d Cir. 1975), the Court of Appeals noted that while Congress had intended to reverse *Toussie,* the statute was silent about whether the extended statute of limitations applied to offenses occurring before the statute's enactment. Absent a clear showing of intent, the Court of Appeals for the Third Circuit applied the new statute of limitations only prospectively for offenses occurring after the date of enactment. *Id.* at 106. In other instances, Congress has expressly indicated a retroactive intent on a criminal statute. For instance, when it amended the statute of limitations for financial offenses in 10 U.S.C. § 3293, Congress used clear and unequivocal language: "The amendments made by subsection (a) [amending this section] shall apply to any offense committed before the date of the enactment of this section, if the statute of limitations applicable to that offense had not run as of such date." In the instant case, there is no such clear language.

*United States v. Kurzenknabe*, 136 F. Supp. 17, 23 (D.N.J. 1955).[23]

State court cases agree with this holding. In *State v. Skakel*, a case with similar issues to the case at bar, the Supreme Court of Connecticut cited to numerous cases where other courts have also held statutes of limitations enlargements allowing prosecution for offenses with unexpired time limitations do not amount to retroactive application. 888 A.2d at 1022 n. 46 (*see* cases cited therein).

## V. *Strict Versus Liberal Construction*

Appellee urges us to apply traditional rules of strict statutory construction in the absence of clear legislative intent. We are cognizant that courts traditionally construe criminal laws strictly because individuals are entitled to notice as to what the law forbids, and we entrust legislatures with defining criminal activity. Strictly construing extensions of criminal statutes of limitations, however, amounts to a mechanical and unwarranted application of the principle. Such strict construction in this case neither advances the purpose of providing clear notice as to what the law forbids nor does it in any way define substantive criminal misconduct. When appellee molested his stepdaughter, he had notice the law proscribed his acts. Extending the unexpired statute of limitations period in no way alters appellee's knowledge that his conduct was illegal when he did it.

Similarly, extending the unexpired limitation period does not substantively change the nature of the criminal acts which the law already prohibited. The extension in no way usurps Congress' legislative responsibility to define criminal activity. Courts should not apply strict construction when it frustrates an apparent legislative purpose. The preeminent commentary on this area of law provides:

> A strict or liberal interpretation may depend upon a wide variety of factors or combination of them. Broadly speaking, whether a statute is construed liberally or strictly depends upon (1) its relationship to former law, (2) the way it affects persons and rights, (3) how much leeway the language of the statute affords, and (4) the purposes and objects of the statute. *For example, where the statute has been passed to meet the perceived need of people in remedying certain evils, a liberal construction is necessary to carry out legislative intent.*

---

[23] While we understand the rationale for this approach, we nonetheless hold that the 2003 Amendment applies retroactively, as we explain below.

*3 J. Sutherland, Statutes and Statutory Construction* (6th Ed. Singer 2001)[hereinafter *Sutherland*] § 58:1,  pp. 85-86 (emphasis added).  *Sutherland* further states:

> The rule of strict construction is not the only factor which influences the interpretation of [criminal] laws.  Instead, the rule is merely one among various aids which may be useful in determining the meaning of penal laws.  This has been recognized time and again by the decisions that the intent of the legislature, or the meaning of the statute must govern and that a strict construction should not be permitted to defeat the policy and purposes of the statute.

*Id.*, § 59:6, pp. 159-61.

It is also less clear that rules of strict construction must apply to changes in statutes of limitations.  Some courts have labeled amendments to these limitations procedural and applied them retroactively.  Such an approach follows the statutory rule of construction that amendments to procedural law apply retroactively absent a clear expression of legislative intent to the contrary.  *Skakel*, 888 A.2d at 1020.  Reaching the same result, at least one court has discarded the various constructions of procedural versus substantive; prospective versus retrospective or retroactive; or strict versus liberal and simply concluded amendments to statute of limitations should apply retroactively absent express legislative intent to the contrary.  *State v. Hodgson*, 740 P.2d 848, 851 (Wash. 1997) (suggesting such labels tend to obscure rather than clarify the law).[24]

---

[24] *Hodgson* further stated:

> We deem it helpful to consider the issue in more fundamental terms of precisely what statutes of limitation in criminal cases are, and how they function . . . there is no such thing as a common law statute of limitation in criminal cases.  Such statutes of limitation are matters of legislative grace; they are a surrendering by the sovereign of its right to prosecute.  Since they are measures of public policy only, and subject to the will of the legislature as such, they may be changed or repealed in any case where . . . the statutory period of limitation [has not expired].

740 P.2d at 851.

## VI. *Federal Circuit Court Cases*

Examining applicable federal circuit case law dealing with extending statutes of limitations in this area provides further guidance. In 2005, in *United States v. Jeffries*, the Eighth Circuit Court of Appeals addressed whether the VCAA and 18 U.S.C. § 3283 applied retroactively. The government indicted Jeffries in August 2003 for sexual offenses he committed against his niece beginning in 1988 when she was five years old and continuing until 1992. Without Congress extending the time to prosecute Jeffries' offenses by enacting 18 U.S.C. § 3509(k) in 1990, the prosecution would have been barred as of 1993. *Jeffries*, 405 F. 3d. at 684.

Congress further acted on the statute of limitations in 1994, and, in 2003, re-codified § 3283 to apply until the death of the child in cases with a *Jeffries* scenario. The appellant in *Jeffries* claimed the statute of limitations barred the government from prosecuting because Congress did not clearly express its intent to retroactively apply the statute of limitations amendment. According to the appellant in *Jeffries*, "without such clear statement each provision is presumed to operate prospectively with no application to offenses before the date of its enactment." 405 F. 3d. 684. Relying on *Stogner,* the Court rejected this assertion noting that "both the title and the wording of § 3509(k) [recodified as § 3283] indicate that Congress intended by it to extend the general statute of limitations." *Id.*

In the instant case, appellee correctly notes the 2003 Amendment to Article 43 fails to include the broad, expansive language of § 3905k: "No statute of limitation that would otherwise preclude prosecution . . . shall preclude prosecution before the child reaches the age of 25 years." This amendment to Article 43 also does not contain language comparable to any of the language cited in *Stogner*. It is true that when addressing federal practice, Congress needed to include expansive language to preempt the lesser limitations periods found in multiple federal statutes of limitations. On the other hand, when addressing military practice, Congress needed only to amend a single statute of limitations.

In *United States v. Chief*, the Court of Appeals for the Ninth Circuit addressed retroactively applying an extension of the statute of limitations for child abuse from age twenty-five of the child victim to the life of the child victim. Like the appellant in *Jeffries* and the appellee in the instant case, Chief argued that the extended statute of limitations could only be applied prospectively without a clause expressly granting retroactivity. *Id.* at 923. The court rejected this "creative, but ultimately misdirected" argument. *Id.* at 922. Citing its decision in a previous civil case, the court held "when Congress repeals one statute of limitations by enacting another, the second statute of limitations can 'simultaneously replace[]' the former statute and apply even to cases in which the actions at issue predate the most recent statute." *Id.* at 924 (citing *Friel v. Cessna Aircraft Co*, 751 F.2d 1037, 1039 (9th Cir. 1985)).

14

To determine whether a new statute of limitations simultaneously repealed and replaced an older one, the court looked to Congressional intent and concluded "Congress intended to extend the statute of limitations for sexual abuse crimes without reverting" to an earlier limit. *Id*. *Chief*, 438 F. 3d. at 924.

The *Chief* court also considered whether there were any reasons why the statute of limitations should not apply retroactively. *Id*. Relying again on *Friel*, the Ninth Circuit, with convincing logic, held "when a newly enacted statute of limitations effects only a remedial change but does not alter substantive rights, there is no reason to apply it only prospectively." *Id*. at 924. Recognizing it paralleled the approach of the Eighth Circuit Court of Appeals in *Jeffries*, the court determined "[b]ecause Congress evinced a clear intent to extend, rather than shorten, the statute of limitations applicable to sexual abuse crimes, and because there is no *ex post facto* problem here, the prosecution was timely." *Id*. at 924–25.

VII. *Article 43 Applies Retroactively*

Consistent with existing federal precedent, we hold the 2003 Amendment to Article 43, extending the statute of limitations from five years until the child victim's twenty-fifth birthday applies retroactively. Retroactively applying the extension to the statute of limitations is consistent with Congressional efforts to expand the reach of the law to those who sexually abuse children. Unlike earlier cases where there may have been little interest in reaching back to prosecute those who willfully evaded the Vietnam War draft,[25] we find no interest advanced by applying the extension *only* to service members who molest children after November 2003. Senator Nelson's remarks when introducing the Amendment to Article 43 reflect a Congressional intent to apply the extended statute of limitations retroactively.[26] We decline to mechanically apply rules of strict constriction to frustrate Congressional intent under these circumstances.

---

[25] *See United States v. Toussie*, s*upra* and *United States v. Richardson*, *supra*.

[26] Furthermore, after Congress amended Article 43 in 2003, the discussion section to R.C.M. 907(b)(2) (addressing waivable grounds for motions to dismiss) and limiting the retroactive application to offenses committed on or after 24 November 1998 was changed:

> The Discussion following R.C.M. 907(b)(2)(B) is amended
> . . . [for] child [] abuse cases in which the five-year statute
> of limitations was expired at the time of the amendment to
> Article 43, UCMJ, became effective. *See generally Stogner*

(continued . . .)

15

In so holding, we acknowledge that statutes of limitations advance important interests by encouraging speedy investigation and prompt enforcement of the law. They discourage stale prosecutions and enable an accused to present better defenses when witnesses are still available and memories are fresh. In child abuse cases, however, since victims sometimes do not report what happened to them until years later, Congress could reasonably conclude longer statutes of limitations are needed. In the last analysis, time limitations are a matter of statutory grace. Congress may extend them to allow for the continued prosecution of offenses provided that there is no violation of the *Ex Post Facto* Clause of our Constitution.

### Conclusion

As prosecution in the instant case was not time barred when Congress amended Article 43, we hold that there is no violation of the *Ex Post Facto* Clause. We conclude that the extended statute of limitations applies in this case to the specifications of indecent acts with a child and indecent liberties with a child and that the military judge erred as a matter of law. Accordingly, the decision of the military judge setting aside these findings and the sentence is set aside. The court-martial of Sergeant Lopez de Victoria may proceed in accordance with R.C.M. 908(c)(3).

Judge SULLIVAN and Judge HOLDEN concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

---

(. . . continued)

> *v. California* . . . All child abuse offenses committed prior to that date would be subject to the previous statute of limitations that would expire on the day prior to the effective date of the amendment—November 24, 2003. [*Stogner*] *permits unexpired periods to be extended by the new statute*, but does not allow the statute to renew an expired period.

Exec. Order No. 13, 387, 70 Fed. Reg. 60697, 60705, 60708 (Oct. 18, 2005) (emphasis added).

16