UNITED STATES of America

v.

Scott J. RATLIFF, Aviation Machinist's
Mate First Class (E–6), U.S. Navy.

NMCCA 200700512.

U.S. Navy–Marine Corps Court
of Criminal Appeals.

23 Oct. 2007.

For the Accused: LT William Stoebner, JAGC, USN.

For the Government: Maj Brian Keller, USMC.

Before FELTHAM, Senior Judge, O'TOOLE and MITCHELL, Appellate Military Judges.

## PUBLISHED OPINION OF THE COURT

O'TOOLE, Judge:

This case is before us on an interlocutory appeal by the Government, pursuant to Article 62, Uniform Code of Military Justice, 10 U.S.C. § 862, and RULE FOR COURTS-MARTIAL 908, MANUAL FOR COURTS-MARTIAL, UNITED STATES (2005 ed.). The Government contends the military judge erred as a matter of law when he dismissed the charge and its two specifications, concluding: (1) that the 2003 and 2006 amendments to Article 43, UCMJ, 10 U.S.C. § 843, which extended the statute of limitations for child abuse offenses, did not apply to offenses alleged to have occurred prior to their enactment; and (2) that, as a result, the original five-year statute of limitations applied to the accused's charges, that it expired prior to receipt of those charges by the officer exercising summary court-martial jurisdiction over the accused, and that prosecution was, therefore, barred. We hold that the military judge erred. We further hold that the extensions of the Article 43, UCMJ, statute of limitations apply to any child abuse offense for which the original statutory period had not expired when the extensions were enacted. We, therefore, vacate the dismissal and return the case for trial.

### Standard of Review

In reviewing an interlocutory appeal by the Government of a military judge's ruling that terminates proceedings, this court is bound by the military judge's findings of fact, unless they are unsupported by the evidence of record or are clearly erroneous. *United States v. Lincoln*, 40 M.J. 679, 683 (N.M.C.M.R.1994), *aff'd in part and set aside in part*, 42 M.J. 315, 321–22 (C.A.A.F.1995). We may act only on matters of law. Art.

62(b), UCMJ, 10 U.S.C. § 862(b); *accord* R.C.M. 908(c)(2). The proper interpretation of the statute of limitations contained in Article 43, UCMJ, is a matter of law. *United States v. McElhaney*, 54 M.J. 120, 125 (C.A.A.F.2000)(citing 1 Steven Childress & Martha Davis, *Federal Standards of Review* § 2.13 (3d ed.1999)). We will, therefore, review the military judge's conclusions regarding that statute *de novo. United States v. Gore*, 58 M.J. 776 (N.M.Ct.Crim.App.2003), *rev'd on other grounds*, 60 M.J. 178 (C.A.A.F. 2004).

## Background

All facts necessary to the resolution of the issue were undisputed and were incorporated in the military judge's findings. This case involves two specifications alleging that the accused committed indecent acts upon the body of a female under the age of 16 years, by fondling her breasts and touching her leg and vagina. The accused is alleged to have committed the indecent acts upon the nine-year-old some time between July and August 2000, and again in June 2001. Charges were received by the officer exercising summary court-martial jurisdiction in January of 2007. At his arraignment before a general court-martial, the accused moved to dismiss the charge and specifications, arguing the five-year statute of limitations in effect on the dates of his alleged misconduct had expired. The accused reasoned that the 2003[1] and 2006[2] amendments extending the statute of limitations did not apply to conduct committed prior to enactment of either amendment. The military judge agreed, finding "no clear Congressional intent" expressed in the legislation indicating that the extensions were to apply "retroactively," and he dismissed the charge.

## Analysis

We begin by noting that the issue in this case was recently addressed by the Army in *United States v. Lopez de Victoria*, 65 M.J. 521 (Army Ct.Crim.App.2007), *rev. granted*, 65 M.J. 415, No. 07-6004/AR, Daily Journal (C.A.A.F. Oct. 4, 2007). The Army Court held that it was permissible to extend the existing statute of limitations for then-viable charges, because doing so did not alter the service member's knowledge that his conduct was illegal when he engaged in it, nor did it substantively change the nature of the criminal acts which the law already prohibited. *Id.* at 528. In other words, extending the time in which to prosecute still-viable charges did not violate the *Ex Post Facto* Clause of the U.S. Constitution, because prosecution was not time-barred when Congress amended Article 43, UCMJ. The court also held that a "retroactive application" was consistent with Congressional efforts to extend the reach of the law to those who sexually abuse children. *Id.* at 529. We align ourselves with the Army decision.

### 1. *Ex Post Facto* Laws

There is a difference between *ex post facto* laws that violate the Constitution, and retrospective laws, which might not. Indeed, we have more than 200 years of legal precedent holding that "there are cases in which laws may justly, and for the benefit of the community, and also of individuals, relate to a time antecedent to their commencement." *Calder v. Bull*, 3 U.S. 386, 391, 3 Dall. 386, 1 L.Ed. 648 (1798). Extending a statute of limitations is such a case, "so long as the original statutory period has not yet expired." *United States v. Kurzenknabe*, 136 F.Supp. 17, 23 (D.N.J.1955)(citing *United States v. Powers*, 307 U.S. 214, 218, 59 S.Ct. 805, 83 L.Ed. 1245 (1939)). Such a retrospective application of law "does not offend the prohibition in Article 1, § 9, Clause 3 of the Constitution against *ex post facto* laws." *Id.See also Stogner v. California*, 539 U.S. 607, 618, 123 S.Ct. 2446, 156 L.Ed.2d 544 (2003)("extension of existing limitations periods is not *ex post facto* [when] the prior limitations periods have not expired.").

In the accused's case, there is no improper *ex post facto* application of law. On the dates he is alleged to have committed the misconduct, he was on notice that such con-

---

1. National Defense Authorization Act for Fiscal year 2004, Pub.L. No. 108–136, 117 stat. 1392 (2003), hereinafter NDAA FY–04.

2. National Defense Authorization Act for Fiscal Year 2006, Pub.L. No. 109–163, 199 Stat. 3136 (2006), hereinafter NDAA FY–06.

duct was criminal. Furthermore, such criminal action, if committed, was subject to prosecution for a period of five years. Prior to the expiration of that five-year period, Congress served notice, through the amendment of Article 43, UCMJ, that the time within which the accused may be prosecuted was extended. Thus, this is not a case in which the law was changed retroactively to make previously lawful conduct criminal; neither is it a case in which a time-barred charge was resurrected against this accused, subjecting him to new criminal liability. The *Ex Post Facto* Clause of the Constitution is, therefore, not violated by permitting prosecution of the accused's alleged misconduct under an extended statute of limitations. However, while essential to our holding, this conclusion does not address the crux of the military judge's decision to dismiss in this case; that is, he found no expression of Congressional intent to apply the extended statute of limitations to charges of misconduct allegedly committed prior to enactment of the extension.

2. Congressional Intent

■ The plain language of the amendment principally at issue is the best source for discerning Congress's intent. *United States v. Warner*, 62 M.J. 114, 120 (C.A.A.F.2005) (citations omitted). The amended statute of limitations provides, in pertinent part, that "[a] person charged with committing a child abuse offense against a child is liable to be tried by court-martial if the sworn charges and specification are received before the child attains the age of 25 years by an officer exercising summary court-martial jurisdiction with respect to that person." NDAA FY–04.[3] We find no ambiguity in this clear language and no unfairness in applying it as it is written, without exception. Interpreting the language to include a *sub silentio* exception, which would bar prosecution of then-

viable charges, would result in windfall immunity to a category of alleged abusers who were, at the time of the amendment's passage, still subject to prosecution. *See United States v. Chief*, 438 F.3d 920 (9th Cir.2006). Reading an unarticulated exception into the statute's plain language would also frustrate the manifest intent of Congress to provide a longer statute of limitations in which to find and prosecute child abusers. We, therefore, find that a common sense reading of the statute reveals Congress had no intent to provide such an exception.

If there remains doubt concerning Congressional intent despite the language of the amended Article 43, UCMJ, our conclusion is supported by resort to the NDAA FY–04, which makes clear that Congress did not impose a new statute of limitations, as it did in 1986.[4] Quite to the contrary, Congress extended the existing one. The NDAA FY–04 amendment is entitled *"EXTENDED LIMITATION PERIOD FOR PROSECUTION OF CHILD ABUSE CASES IN COURTS–MARTIAL"* (emphasis added).[5] "Extended" means "A lengthening out of time previously fixed and not the arbitrary setting of a new date." BLACK'S LAW DICTIONARY, 523 (5th ed.1979). This "extended" time-period stands in contrast against the 1986 amendment, the language of which makes clear was a wholesale "revision" and replacement statute; that is, the setting of a new date. DoDAA FY–87 ("revision" applies to "offenses committed on or after the date of enactment"). The FY–87 replacement statute logically had an explicit starting point. The more recent extended statute required no such starting date, as it merely lengthened the five-year time previously fixed.

Inquiry into the broader legislative history serves to further confirm our reading of the

---

3. The later NDAA FY–06 provision, further amending Article 43, UCMJ, to include the period "during the life of the child or within five years after the date on which the offense was committed, whichever provides a longer period," was not specifically briefed by the parties, presumably because the child-victim had not yet reached 25 years of age under the previous NDAA FY–04 amendment.

4. Department of Defense Authorization Act, 1987, Pub.L. 99–661, Div. A., title VIII, § 805(a), hereinafter DoDAA FY–87.

5. The subsequent NDAA FY–04 similarly provided for an *"EXTENSION* OF STATUTE OF LIMITATIONS FOR MURDER, RAPE, AND CHILD ABUSE OFFENSES UNDER THE UNIFORM CODE OF MILITARY JUSTICE" (emphasis added). Pub.L. 109–163.

statute. As the Army court noted in *Lopez de Victoria,* 65 M.J. at 525–26, the NDAA FY–04 provision was passed in response to *United States v. McElhaney,* 54 M.J. 120 (C.A.A.F.2000). In *McElhaney,* the Court of Appeals for the Armed Forces held that the lengthened statute of limitations contained in the Victims of Child Abuse Act of 1990 (VCAA), 18 U.S.C. § 3509(k), did not apply to prosecutions under the UCMJ. *Id.* at 126. In response, Senator Bill Nelson sponsored legislation, the operative language of which now comprises Article 43, UCMJ. In so doing, he said, "My bill clarifies that the VCAA's statute of limitations applies to courts-martial whenever a case arises involving the sexual or physical abuse of a child." *Lopez de Victoria,* 65 M.J. at 526 (quoting 108 Cong. Rec. S2053 (2003)(Statement of Sen. Nelson)).

Finally, in the context of the larger statutory scheme designed by Congress to address child abuse, we conclude, as did the Army court, that interpreting the extended Article 43, UCMJ, with the limitation urged by the accused and applied by the military judge in this case, is inconsistent with the legislative intent manifest in the evolution of child abuse laws to "expand the reach of law to those who sexually abuse children." *Id.* at 529. Limiting the extension of Article 43, UCMJ, to prospectively committed acts is likewise inconsistent with other federal courts' analyses of the extended statutes of limitations contained in federal child abuse law. *Id.* at 525–26, 528–29 (citing *Chief,* 438 F.3d at 924 ("Congress intended to extend the statute of limitations for sexual abuse crimes without reverting" to an earlier limit) and *United States v. Jeffries,* 405 F.3d 682, 684 (8th Cir.2005)("both the title and the wording of [18 U.S.C.] § 3509(k) [recodified as § 3283] indicate that Congress intended by it to extend the general statute of limitations")). Thus, Congress has acted purposefully, consistently and clearly to extend the statute of limitations for child abuse offenses in the civilian sector and under the UCMJ, using distinctive language extending, not revising, the existing Article 43, UCMJ, limita-

tion period. The military judge's ruling to the contrary is error.

### 3. Breadth of Construction

Relying on the maxim that criminal statutes should be applied in favor of lenity, the accused urges that we construe the statute of limitations narrowly in his favor. This rule of construction originates in concern for individual rights and in the belief that advance warning should be given as to what conduct will subject the actor to criminal penalties. *Huddleston v. United States,* 415 U.S. 814, 830–31, 94 S.Ct. 1262, 39 L.Ed.2d 782 (1974)(citing *United States v. Wiltberger,* 5 Wheat. 76, 95, 5 L.Ed. 37 (1820) and *United States v. Bass,* 404 U.S. 336, 348, 92 S.Ct. 515, 30 L.Ed.2d 488 (1971)). The rule also derives from the precept that Congress, and not the courts, should define criminal activity under the UCMJ—a point emphasized by the military judge. However, as we preserve these public policies, we must not be blind to the overarching principle that " 'sound rules of statutory interpretation exist to discover and not to direct the Congressional will.' " *Id.* (quoting *United States ex rel. Marcus v. Hess,* 317 U.S. 537, 542, 63 S.Ct. 379, 87 L.Ed. 443 (1943)). Though this court does not question that criminal laws should be construed strictly, we are mindful that they " 'ought not to be construed so strictly as to defeat the obvious intention of the legislature.' " *Id.* (quoting *American Fur Co. v. United States,* 27 U.S. 358, 2 Pet. 358, 367, 7 L.Ed. 450 (1829))(citing *Wiltberger,* 5 Wheat. at 95, 5 L.Ed. 37, *United States v. Morris,* 14 Pet. 464, 475, 10 L.Ed. 543 (1840), *United States v. Lacher,* 134 U.S. 624, 10 S.Ct. 625, 33 L.Ed. 1080 (1890), *United States v. Bramblett,* 348 U.S. 503, 510, 75 S.Ct. 504, 99 L.Ed. 594 (1955), and *Bass,* 404 U.S. at 351, 92 S.Ct. 515). In this case, applying the strict construction urged by the accused would yield a result contrary to Congressional intent.

### Conclusion

Having carefully considered the briefs submitted by both parties, we grant the Government's appeal. We hold that the extended statute of limitations contained in Article 43, UCMJ, which is applicable to child abuse

offenses, applies retrospectively to all offenses for which the original statute had not expired when the extensions were enacted. This includes the charge and specifications against the accused. The military judge, therefore, erred in dismissing them and his ruling is vacated.

The record is returned to the Judge Advocate General for remand to the military judge for trial or such action as is deemed appropriate by the convening authority.

Senior Judge FELTHAM and Judge MITCHELL concur.