**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

          v.

LEO SURE CHIEF, JR.,
          *Defendant-Appellant.*

No. 05-30214

D.C. No.
CR-04-00082-SEH

OPINION

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Argued and Submitted
January 13, 2006—Portland, Oregon

Filed February 17, 2006

Before: Diarmuid F. O'Scannlain, Susan P. Graber, and
Carlos T. Bea, Circuit Judges.

Opinion by Judge Graber

## COUNSEL

Michael Donahoe, Assistant Federal Defender, Federal Defenders of Montana, Helena, Montana, for the defendant-appellant.

Joseph E. Thaggard, Assistant United States Attorney, Great Falls, Montana, for the plaintiff-appellee.

---

**OPINION**

GRABER, Circuit Judge:

Defendant Leo Sure Chief, Jr., challenges his conviction for aggravated sexual abuse on two grounds: (1) the district court erred by refusing to dismiss the indictment because the applicable statute of limitations had run, and (2) the district court erred by limiting the evidence that Defendant was allowed to present at trial. We hold that the statute of limitations had not expired and that Defendant suffered no prejudice from the exclusion of the proffered evidence. We therefore affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In approximately 1997, when B.V. was in the fourth grade, Defendant took her and a few other children on a trip to the country. B.V. knew Defendant because he was a friend of her mother. While on the trip, Defendant took the children for individual rides on a "four-wheeler." When it was B.V.'s turn, Defendant took her to an abandoned trailer. He then forcibly fondled her vagina. When B.V. was in the ninth grade, she reported that incident of abuse to her school principal and to a counselor.

The Bureau of Indian Affairs[1] and the Federal Bureau of Investigation ("FBI") investigated B.V.'s allegation. During the course of the investigation, an FBI agent interviewed Defendant. Defendant confessed that, a few years earlier, he had touched B.V.'s vagina during a camping trip. Defendant

---

[1]Defendant is Native American. Both he and B.V. lived on the Blackfeet Indian Reservation.

wrote a statement apologizing to B.V. and describing the molestation.

In October 2004, a grand jury indicted Defendant for aggravated sexual abuse in violation of 18 U.S.C. §§ 1153 and 2241(a). He pleaded not guilty.

During a two-day trial, B.V. testified about the sexual abuse. The FBI agent who interviewed Defendant testified about his confession. Defendant's confession was entered into evidence and read in its entirety to the jury.

B.V.'s mother testified for Defendant. She told the jury that her daughter was a "habitual liar." She also said that she had experienced problems with B.V., but she was not allowed to testify in detail about B.V.'s behavior.

Defendant also testified. He asserted that his confession had been coerced.[2] The jury returned a guilty verdict. Defendant now brings this timely appeal.

## DISCUSSION

### A.   *Statute of Limitations*

We review de novo a district court's decision not to dismiss an indictment on statute of limitations grounds. *Ellis v. City of San Diego*, 176 F.3d 1183, 1188 (9th Cir. 1999). We also review de novo the district court's decision to apply a particular statute of limitations. *United States v. Shipsey*, 363 F.3d 962, 968 n.4 (9th Cir. 2004), *cert. denied*, 543 U.S. 1004 (2005).

Defendant argues that his indictment, which was returned on October 5, 2004—approximately seven years after the

---

[2]On appeal, Defendant does not challenge the voluntariness of the confession, nor does he assert that its admission was erroneous.

alleged sexual abuse—was untimely because a five-year statute of limitations applies. He comes to this conclusion by a creative, but ultimately misdirected, route.

**[1]** The general statute of limitations, which applies to most noncapital offenses, requires the government to charge a suspect within five years of the commission of a crime. 18 U.S.C. § 3282(a). But a different statute of limitations applies in sexual abuse cases. 18 U.S.C. § 3283. In 1990, Congress enacted a separate statute of limitations allowing the prosecution of sexual abuse crimes until the victim reached 25 years of age. 18 U.S.C. § 3509(k) (1991). In 1994, the text of that statute was recodified at 18 U.S.C. § 3283, which provided:

> No statute of limitations that would otherwise preclude prosecution for an offense involving the sexual or physical abuse of a child under the age of 18 years shall preclude such prosecution before the child reaches the age of 25 years.

*See* 18 U.S.C. § 3283, Historical and Statutory Notes. In 2003, Congress again amended the statute to extend the statute of limitations so that the government could continue to prosecute suspected child abusers at any time "during the life of the child."[3]

When the sexual abuse in this case took place, around 1997, the extant 1994 statute of limitations allowed prosecution until the victim's 25th birthday. At the time of the indictment in 2004, B.V. was still much younger than 25, so the indictment would have been timely if the 1994 version of the statute had remained in effect in 2004. By that time, however, Congress had passed the 2003 amendment.

---

[3]The offense of "kidnaping" was also added to the statute, but that change is not relevant here.

The crux of Defendant's argument is that the 2003 version of the statute, which allows prosecution during the life of the child, does not include a savings clause to provide explicitly that the 1994 statute of limitations continued to apply to offenses committed between 1994 and 2003. Defendant contends that, without an explicit retroactivity clause, the *2003* version of the statute cannot apply to him. He further reasons that, because the 2003 amendment repealed the *1994* statute of limitations (which allowed for prosecution until the child reached age 25), the 1994 version of the statute cannot apply to him. Rather, the default, general, five-year statute of limitations in 18 U.S.C. § 3282 must apply. In other words, Defendant argues, Congress—whether intentionally or not—provided through its 2003 amendment that someone who sexually abused a child before 2003 must be prosecuted within five years of the commission of the crime, but that someone who sexually abuses a child after 2003 can be prosecuted anytime during the entire life of the child.

To support his contention that Congress' failure to include an express savings clause means that the 2003 version cannot apply retroactively and that the earlier statute of limitations was simply repealed, Defendant relies almost entirely on *Bridges v. United States*, 346 U.S. 209 (1953). He interprets *Bridges* to hold that, if Congress fails to include a savings clause applying a statute of limitations retroactively, then the statute never can apply to previously committed acts. We do not read *Bridges* so broadly.

In *Bridges*, Congress had enacted a special five-year statute of limitations for certain fraud offenses perpetrated against the United States, suspending the usual three-year statute of limitations then in effect for noncapital crimes. *Id.* at 224-25. In 1948, Congress repealed the special five-year statute of limitations without providing another special limitations period, which reinstated the general three-year statute of limitations. *Id.* at 225. The following year, the government attempted to indict the defendant for acts that he allegedly had committed

four years earlier—in 1945. *Id.* at 215. The Supreme Court held that the indictment had to be dismissed as untimely because, when the indictment issued in 1949, only the three-year statute of limitations period was in effect, but the defendant's alleged bad acts had occurred four years earlier. *Id.* at 225-28. Neither the three-year nor the five-year statute of limitations included a clause stating that the five-year limit would continue to apply to pre-1948 acts. Rather, the five-year statute was simply repealed, so that the default, general, three-year statute again applied.

The key difference between *Bridges* and the current case is that the statute of limitations there was *shortened*. A gap existed between the end of the limitations period and the filing of the defendant's indictment. In other words, in *Bridges*, the three-year limitations period had run *before* the prosecution started. In that situation, the indictment in *Bridges* could have been timely only if Congress had expressly preserved the longer five-year statute of limitations period for pre-1948 acts, which Congress had not done.

**[2]** By contrast, here, Congress *extended* the limitations period. There was no gap. Defendant's indictment was timely under the 2003 amendment, allowing prosecution during the life of the child, as well as under the 1994 statute. That Defendant's indictment remained viable at all times is important because otherwise *ex post facto* concerns would arise, as we discuss below.

Moreover, it is clear that the 2003 version of the statute of limitations did not simply repeal the previous statute of limitations for sexual abuse offenses, as Congress had repealed the special provision at issue in *Bridges*. Instead, Congress amended the statute to lengthen the limitations period. Indeed, we have held that, when Congress repeals one statute of limitations by enacting another, the second statute of limitations can "simultaneously replace[ ]" the former statute and apply even to cases in which the actions at issue predate the most

recent statute. *See Friel v. Cessna Aircraft Co.*, 751 F.2d 1037, 1039 (9th Cir. 1985) (per curiam) (holding that, when Congress repealed a two-year statute of limitations for maritime torts and replaced it with a three-year statute that did not include a savings clause, a plaintiff who then sued for conduct that took place two-and-one-half years earlier could proceed with the case).

**[3]** To determine whether a new statute of limitations simultaneously repealed and replaced an older one, we look first to congressional intent. *Id.* at 1038-39. Here, it is clear from the Joint Report, which accompanied the 2003 amendment, that Congress intended to extend the statute of limitations for sexual abuse crimes without reverting to the pre-1990 five-year limit:

> While [the statute of limitations allowing for prosecution until the victim reaches age 25] is better than a flat five-year rule, it remains inadequate in many cases. For example, a person who abducted and raped a child could not be prosecuted beyond this extended limit — even if DNA matching conclusively identified him as the perpetrator one day after the victim turned 25.

H.R. Conf. Rep. No. 108-66, at 54 (2003), *reprinted in* 2003 U.S.C.C.A.N 683, 688 (part of the Prosecutorial Remedies and Other Tools to end the Exploitation of Children Today Act of 2003 (PROTECT Act)).

**[4]** In addition, we consider whether there are reasons that preclude retroactive application of the statute. *Friel*, 751 F.2d at 1039. In *Friel*, we concluded that, when a newly enacted statute of limitations effects only a remedial change but does not alter substantive rights, there is no reason to apply it only prospectively. *Id.* We noted that, at the time the limitations period was extended, the previous two-year limitations period had not yet expired. Because the action remained viable at all

times, from the time when the alleged acts occurred through the time when the complaint was filed, we concluded that retroactive application of the statute was appropriate. *Id.* at 1040.

**[5]** *Friel* was a civil case, so it does not apply directly. Nonetheless, in the context of a criminal case, *ex post facto* principles yield a similar result. As we have emphasized, in this case the statute of limitations had not yet run when the 2003 amendment took effect, so the amendment did not purport to resurrect an expired criminal charge. Accordingly, Defendant's 2004 indictment does not violate the *Ex Post Facto* Clause. *See Stogner v. California*, 539 U.S. 607, 632 (2003) (holding that an *ex post facto* violation occurs when Congress enacts a new statute of limitations after the expiration of a previously applicable one in order to revive a formerly time-barred prosecution, but that nothing "prevent[s] the State from extending time limits for . . . prosecutions not yet time barred").

**[6]** Because Congress evinced a clear intent to extend, rather than shorten, the statute of limitations applicable to sexual abuse crimes, and because there is no *ex post facto* problem here, the prosecution was timely. In so holding, we parallel the Eighth Circuit's approach to this very issue. *See United States v. Jeffries*, 405 F.3d 682, 685 (8th Cir.) (holding, in a case involving the extension of the statute of limitations for sexual abuse offenses from five years to the child's 25th birthday, that the new statute could apply retroactively as long as the case was not time-barred when the new statute was enacted, even though Congress failed to provide an explicit savings clause), *cert. denied*, 126 S. Ct. 631 (2005).

B.  *Exclusion of Evidence*

Defendant also argues that the district court erred by limiting the evidence that he was allowed to present to the jury. He makes two claims.

First, Defendant wanted B.V.'s mother to testify that B.V. had behavioral problems, that she was sent to a juvenile detention center, that while in the detention center B.V. told authorities about the sexual abuse, and that due to the abuse allegation she was moved to a less secure facility from which she ran away. He contends that this evidence was relevant because the jury could have inferred from it that B.V. had a motive to fabricate the abuse in order to leave the more restrictive juvenile detention center. The district court concluded that the proposed evidence was inadmissible because B.V.'s mother had already testified regarding her view of her daughter's propensity for lying, so the matter was "fully covered."

Generally, we review for abuse of discretion a district court's decision to exclude evidence at trial. *United States v. Pang*, 362 F.3d 1187, 1194 (9th Cir.), *cert. denied*, 543 U.S. 943 (2004). However, when the district court excludes evidence under Federal Rule of Evidence 403[4] but does not engage in explicit balancing, we review such a determination de novo. *United States v. Boulware*, 384 F.3d 794, 808 n.6 (9th Cir. 2004), *cert. denied*, 126 S. Ct. 337 (2005). Under either standard of review, we conclude that reversal is not called for. *See id.* at 808 (noting that an erroneous evidentiary ruling resulting in a constitutional violation will not require reversal if it was harmless beyond a reasonable doubt).

[7] Exclusion of the evidence in question was harmless beyond a reasonable doubt. Defendant did present the most powerful and direct version of his claim: B.V.'s mother testified that she considered her daughter to be a liar. Neverthe-

---

[4]Rule 403 provides:

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

less, Defendant had provided the FBI with a full confession. His confession corroborated B.V.'s own recollections of the events. In the light of that very strong inculpatory evidence, and of the testimony that B.V.'s mother was able to present, the district court's decision to exclude the evidence does not constitute reversible error.

Second, Defendant sought to introduce school documents from B.V.'s seventh grade year to show that, at that time, she had displayed behavioral problems and had failed to report abuse to school officials. The district court refused to admit the documents, ruling that they were hearsay under Federal Rule of Evidence 801.[5] The district court did not err. Even assuming the documents' relevance, the authors of the documents were not going to testify, but the documents were offered to prove the truth of their content. *See United States v. Bishop*, 291 F.3d 1100, 1110 (9th Cir. 2002) (holding that an out-of-court statement presented for the truth of the matter asserted constitutes inadmissible hearsay).

AFFIRMED.

---

[5]Rule 801(c) provides:

"Hearsay" is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.