**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Dustin Robert COSTA, aka Reverend**
**D.C. Greenhouse, Defendant–**
**Appellant.**

No. 07–10092.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 3, 2007.

Filed Jan. 17, 2008.

Thomas, J., issued dissenting opinion.

Karen A. Escobar, Esq., USF—Office of the U.S. Attorney, Fresno, CA, for Plaintiff–Appellee.

Robert W. Rainwater, Esq., FPDCA—Federal Public Defender's Office, Fresno, CA, for Defendant–Appellant.

Before: FARRIS, BEEZER, and THOMAS, Circuit Judges.

MEMORANDUM *

Dustin Robert Costa appeals his conviction and sentence for violations of 21

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 18 U.S.C. § 924(c)(1)(A). On February 19, 2004, a search of Costa's residence yielded 908 marijuana plants and 8.8 pounds of processed marijuana. Police seized bags of crushed marijuana, a metal strainer, a scale, scissors, a calculator, plastic baggies, and latex gloves. In a room next to the drug processing area, the police found a loaded shotgun and several rounds of ammunition. A jury found Costa guilty and the district court sentenced him to 180 months in prison.

Costa raises several arguments on appeal: 1) the search warrants lacked probable cause; 2) the district court improperly excluded testimony under Federal Rule of Evidence 403; 3) the evidence was insufficient to convict Costa under 18 U.S.C. § 924(c)(1)(A); 4) the district court erred by enhancing his sentence pursuant to 21 U.S.C. § 841; 5) the district court erred by not providing Costa "safety valve" relief; and 6) Costa's sentence violates the Eighth Amendment. We address and deny each argument.

The totality of circumstances coupled with the anonymous tip justify that probable cause existed for the warrants to issue. *See Illinois v. Gates*, 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983) (reviewing the totality of the circumstances). A trier of fact could find that the affidavits for the search warrants were knowingly embellished, but in spite of this, there was probable cause for the warrants to issue. *See United States v. Senchenko*, 133 F.3d 1153, 1158 (9th Cir.1998). We review the issuance of a search warrant by a magistrate judge for clear error. *See United States v. Fernandez*, 388 F.3d 1199, 1252 (9th Cir.2004) (quoting *United States v. Celestine*, 324 F.3d 1095, 1100 (9th Cir. 2003)). On the record, the tip that Costa possibly had an indoor marijuana grow operation came from an anonymous citizen, not a confidential informant. Further, the electrical usage data was not obtained by comparing electrical bills of neighbors, but from conversations with neighbors regarding their electrical use. However, the thermal imaging data was accurate and properly obtained. Even after setting the affidavits' false material to one side, the remaining content was sufficient to establish probable cause.[1] *See id.* The fact

---

1. Contrary to the dissent's assertion, the facts of this case are distinguishable from *United States v. Clark*, 31 F.3d 831 (9th Cir. 1994). In *Clark*, probable cause was missing where the affidavit in support of the warrant contained only three relevant pieces of information: (1) an anonymous tip that the defendant, a resident of Alaska, was a close acquaintance of a man wanted by police in Missouri for marijuana related offense; (2) the defendant used high levels of electricity inconsistent with heating his home; and (3) the defendant had surrendered a Missouri drivers' license and obtained an Alaska license. *Id.* at 832. Here, however, the affidavit contained legally sufficient information. Unlike in *Clark*, the anonymous tipster indicated that Costa was possibly growing marijuana at the Mercedes residence. The tip had substantially more weight than the one in *Clark*, since it indicated Costa was growing marijuana, not just that he had an ac-

quaintance who previously did. The second warrant affidavit also stated that the residence showed high electrical usage, had an outbuilding, a cargo container, and two exhaust fans that were purposely obscured from view. These elements were consistent with marijuana cultivation. The third warrant added the thermal imaging data, which further corroborated the possibility of marijuana cultivation. Even without evidence of Costa's prior criminal history, the totality of the circumstances suggest marijuana cultivation at a specific location, supporting the finding of probable cause. *See United States v. Luong*, 470 F.3d 898, 902 (9th Cir.2006). This is not a repeat of *Clark*, where high energy usage was merely coupled with an ambiguous tip about the defendant's close acquaintance who was wanted for marijuana crimes, and where the tip said nothing about the defendant's possible, current drug activities. *See Clark*, 31 F.3d at 832–3.

that Costa did not reside at the Winton address was significant, but not enough to defeat probable cause. On this record we lack a "definite and firm conviction that a mistake has been made." *United States v. Maldonado,* 215 F.3d 1046, 1050 (9th Cir. 2000) (quoting *United States v. Palafox–Mazon,* 198 F.3d 1182, 1186 (9th Cir. 2000)). We need not reach the "good faith" issue. *See United States v. Leon,* 468 U.S. 897, 923, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984).

Costa contends that the district court improperly excluded witness testimony. However, the court permitted Costa to develop his arguments for legal and personal use of marijuana, which the jury could have considered in relation to the third charge. The district court did not abuse its discretion. *See United States v. Sure Chief,* 438 F.3d 920, 925 (9th Cir. 2006).

There was sufficient evidence to find possession of a firearm in furtherance of a drug crime. *See United States v. Krouse,* 370 F.3d 965, 968 (9th Cir.2004).

Costa's prior conviction for cultivation of marijuana, which resulted in a deferred sentence, qualifies as a prior offense and supports the district court's enhancement under 21 U.S.C. § 841. *See United States v. Norbury,* 492 F.3d 1012, 1014 (9th Cir. 2007).

It was not error to deny Costa "safety valve" relief. *See* U.S. Sentencing Guidelines Manual § 5C1.2. Costa failed to prove by a preponderance of the evidence that he possessed the shotgun for innocent purposes unrelated to his drug activities. The district court did not commit clear error. *See United States v. Bynum,* 327 F.3d 986, 993 (9th Cir.2003).

We review the constitutionality of a sentence de novo. *United States v. Leon H.,* 365 F.3d 750, 752 (9th Cir.2004). Costa was sentenced to the mandatory minimum. There was no Eighth Amendment violation. *See United States v. Parker,* 241 F.3d 1114, 1117 (9th Cir.2001).

**AFFIRMED.**

THOMAS, Circuit Judge, dissenting:

Because I disagree with the majority's conclusion that probable cause existed for the issuance of the second and third search warrants, I must respectfully dissent.

I agree with the district court's conclusion that the second and third searches were not supported by probable cause. Probable cause exists where "under the totality of the circumstances, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Luong,* 470 F.3d 898, 902 (9th Cir.2006) (internal quotations and citations omitted). We have previously held that an uncorroborated anonymous tip and allegations of high energy usage are insufficient to establish probable cause. *See United States v. Clark,* 31 F.3d 831, 834–35 (9th Cir.1994). Although a "thermal imaging search is less intrusive than a physical search, the degree of probable cause required is not diminished merely by virtue of that fact." *United States v. Huggins,* 299 F.3d 1039, 1044 (9th Cir.2002).

The second search warrant—the warrant for thermal imaging—was supported by an anonymous tip indicating that Costa had a connection with a possible indoor marijuana grow at the Mercedes Avenue address, information that Costa had previously been convicted for cultivation and possession of marijuana, allegations of high energy usage at the Mercedes Avenue address, and an officer's observation of the property that revealed an outbuilding, a cargo container, two exhaust fans, and efforts to obstruct the view of the property from the street.

The evidence in support of the second warrant is indistinguishable from that in *Clark.* Police were unable to locate a driver's license history or other information linking Costa to the Mercedes Avenue address. Costa's criminal history was therefore irrelevant to establishing that contraband or evidence of a crime would be found in that particular place. Both the officer's physical description of the property and the allegations of high energy usage were consistent with legitimate uses. The anonymous tip remained uncorroborated. The "totality of the circumstances" was insufficient to support a finding of probable cause.

The third search warrant was supported by essentially the same information, with the addition of the thermal imaging scan results. Even if the thermal imaging information had not been the product of a faulty warrant, it would have been insufficient to tip the scales in the direction of a finding of probable cause. The extent of the additional information was that "[t]he thermal imaging unit indicated a high heat source emitting from the primary residence. The thermal imaging unit is unable to detect a heat source through a fence or other solid structure and therefore could not provide an accurate reading of the wooden structure." Unlike the detailed thermal imaging results and explanations given in *Huggins,* the results here simply indicated that the primary residence was emitting heat. *See* 299 F.3d at 1042. The emission of heat is consistent with legitimate uses of the property. Again, the totality of the circumstances was insufficient to support a finding of probable cause.

I respectfully disagree with the district court that the fruits of the improper searches could be saved from suppression by the "good faith" exception to the exclusionary rule. *See United States v. Leon,* 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). To determine whether this exception applies, we ask "whether a reasonably well-trained officer would have known that the search was illegal despite the magistrate's authorization." *Luong,* 470 F.3d at 902 (internal quotations omitted). Reliance on a warrant is not objectively reasonable where the affiant knowingly or recklessly misleads the judge with false information. *Id.*

Here, the affidavit in support of the second warrant included recklessly-made misleading statements and omissions. While the affidavit noted that police were unable to find a driver's license history linking Costa to the Mercedes Avenue address, it failed to mention that police had connected Costa with another address, information that would have undermined the anonymous tip. In addition, the affidavit referred to the anonymous tipster as a "CI": an abbreviation usually used for a "confidential informant," a category of informant generally understood to be more far more reliable than an anonymous tipster. Finally, the affidavit stated that the affiant "checked several PG&E bills of homes of comparable size and learned that the average monthly kilowatt usage was 450." This statement implied that the officer had conducted a methodical, objective examination of utility data about comparable residences and used statistical methods to compute averages. In fact, the officer had just called a few friends and asked them if they could recall what their recent heating bills were.

The affidavit in support of the third warrant corrected some of the misstatements made in the second, but replaced them with new misstatements. For both warrants, because the affiant recklessly misled the judge with false information, the good faith exception to the exclusionary rule does not apply. Thus, I would

vacate Costa's conviction and remand to the district court with an order directing that Costa's motion to suppress be granted.