**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10354 |
| Plaintiff - Appellee, | D.C. No. 1:08-cr-00223-DAE-2 |
| v. | |
| LEI LAVARIAS ROSS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10359 |
| Plaintiff - Appellee, | D.C. No. 1:08-cr-00223-DAE-1 |
| v. | |
| DAVID OPOLLO ROSS, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
David A. Ezra, District Judge, Presiding

Argued and Submitted June 13, 2011
Honolulu, Hawaii

---

       [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: ALARCÓN, WARDLAW, and N.R. SMITH, Circuit Judges.

On April 21, 2008, a grand jury returned an indictment against David Ross and Lei Ross charging them both with one count of conspiracy to defraud the United States, 18 U.S.C. § 371, and separate counts of income tax evasion for each of the tax years from 1998 through 2002, 26 U.S.C. § 7201. At the conclusion of their 11-day joint trial in the United States District Court for the District of Hawaii, the Rosses were convicted of all counts. They appeal from their judgments of conviction. Their primary contention on appeal is that the district court erred in denying their motion for new trial without holding an evidentiary hearing on the question of whether David Ross's trial counsel, Alan Richey, had an actual conflict that adversely affected his performance at trial. They also challenge other evidentiary rulings and the failure to sever Lei Ross's trial from her husband's. We affirm.

I

The Rosses do not challenge the sufficiency of the evidence to support their convictions. Rather, they argue that the district court erred in denying their motion for new trial, which asserted that Richey, whom the Rosses had retained in mid-2003 to represent them before the IRS on civil tax matters, had an actual conflict of

interest that deprived them of their Sixth Amendment right to effective assistance of counsel.

A new trial may be granted "if the interest of justice so requires." Fed. R. Crim. P. 33(a). We review a district court's denial of a motion for new trial, and its decision not to hold an evidentiary hearing before ruling on a motion for new trial, for an abuse of discretion. *United States v. Montes*, 628 F.3d 1183, 1187 (9th Cir. 2011). "A district court abuses its discretion if it reaches a result that is 'illogical, implausible, or without support in inferences that may be drawn from facts in the record.'" *Id.* (quoting *United States v. Hinkson*, 585 F.3d 1247, 1251 (9th Cir. 2009) (en banc)).

"In order to prevail on an ineffective assistance of counsel claim based on [a] conflict of interest, a defendant must show that 'an actual conflict of interest adversely affected his lawyer's performance.'" *United States v. Miskinis*, 966 F.2d 1263, 1268 (9th Cir. 1992) (quoting *Cuyler v. Sullivan*, 446 U.S. 335, 350 (1980)). "The customary procedure for challenging the effectiveness of defense counsel in a federal criminal trial is by collateral attack on the conviction under 28 U.S.C. § 2255." *United States v. Birges*, 723 F.2d 666, 670 (9th Cir. 1984); s*ee also United States v. Molina*, 934 F.2d 1440, 1446 (9th Cir. 1991) ("We prefer appellants to raise such claims in a habeas proceeding because it permits the district judge first

3

to decide whether the claim has merit, and second, if it does, to develop a record as to what counsel did, why it was done, and what, if any, prejudice resulted.").

In *United States v. Hanoum*, 33 F.3d 1128 (9th Cir. 1994), we reviewed a new trial motion based on newly discovered evidence giving rise to an ineffective assistance of counsel claim. *Id.* at 1129. We stated that evidence properly considered in the context of a new trial motion is evidence that "relates to the elements of the crime charged," explaining that

> [t]he fact that Hanoum's attorney allegedly failed to do anything to prepare a case is material to whether he was effective or not, but not to whether Hanoum is innocent or guilty of the crimes charged . . . . Additionally, evidence of ineffectiveness will seldom if ever indicate that a new trial would probably produce an acquittal. The same problem occurs: it is the underlying evidence suppressed or not presented by the attorney, not the attorney's ineffectiveness, that might produce the acquittal.

*Id*. at 1130-31. We declined, however, to reach the merits of Hanoum's conflict of interest claim, which consisted of "mere allegations" that had not been developed at a hearing. *Id.* at 1131-32.

The record before the district court was not sufficient to establish the precise nature and timing of any tax advice Richey gave the Rosses, and the district court was not obliged to conduct an evidentiary hearing to develop the record on that point. Such evidence would be material as to whether Richey rendered ineffective

4

assistance of counsel and not as to whether the Rosses are guilty of willfully conspiring to defraud the government. Stated otherwise, the Rosses' conflict of interest claim does not demonstrate that the prosecution failed to present evidence sufficient to persuade a rational trier of fact of their guilt. Accordingly, we are persuaded that the district court did not abuse its discretion in denying the Rosses' new trial motion. A collateral attack pursuant to 28 U.S.C. § 2255 represents an appropriate procedural device to challenge the effectiveness of Richey's representation and also provides an adequate remedy for the Rosses' conflict of interest claim. *See Miskinis*, 966 F.2d at 1269 ("We emphasize that there is no fixed rule against determining the ineffectiveness question on direct appeal where the record so permits. Rather, the decision to defer resolution of an ineffective assistance of counsel claim is a discretionary one and depends upon the contents of the record in a particular case.").

## II

The Rosses also challenge evidentiary rulings that the district court made during the trial. "A district court's ruling excluding testimony is reviewed for abuse of discretion." *United States v. Moran*, 493 F.3d 1002, 1012 (9th Cir. 2007). A district court abuses its discretion when its evidentiary rulings are "based on 'an erroneous view of the law or a clearly erroneous assessment of facts.'" *United*

5

*States v. Nguyen*, 465 F.3d 1128, 1130 (9th Cir. 2006) (quoting *United States v. Morales*, 108 F.3d 1031, 1035 (9th Cir. 1997)). "Reversal is required if it is 'more probable than not' that error affected the verdict." *United States v. Alvarez*, 358 F.3d 1194, 1205 (9th Cir. 2004) (quoting *United States v. Rohrer*, 708 F.2d 429, 432 (9th Cir. 1983)).

A

David Ross argues that the district court erred in excluding as hearsay his testimony about tax advice he received from various advisors. We have explained in prior opinions that, in criminal tax cases, a defendant's testimony about the tax advice on which he relied is not inadmissible as hearsay when it is offered to support a defense that the defendant relied in good faith on the advice of qualified experts. *See Moran*, 493 F.3d at 1013 ("[T]he defendant 'has the right to tell the court his own version of the tax advice on which he claim[s] to have relied.' Such testimony does not constitute hearsay when not offered for the truth of the matter stated.") (quoting *United States v. Bishop*, 291 F.3d 1100, 1111 (9th Cir. 2002)).

Although the district court erred as a matter of law in ruling that testimony reporting the tax advice was "hearsay," it did not prevent David Ross from testifying about the advice he received from others as long as he framed it in terms of what he "understood" or learned from those advisors. Additionally, the district

6

court admitted the trial testimony of two of David Ross's advisors and hundreds of pages of documents setting forth the advice the Rosses received and claimed to have relied upon. The district court's rulings did not prevent the jury from considering the evidence in support of the Rosses' good faith reliance defense. Accordingly, the district court's error in ruling that testimony about advice from a tax advisor is hearsay was harmless error.

B

The Rosses argue that the district court erred in excluding evidence of their reliance on advice they received from Richey. Rule 403 of the Federal Rules of Evidence provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. An exception to the general rule that a district court's decision to exclude evidence at trial is reviewed for an abuse of discretion exists "when the district court excludes evidence under Federal Rule of Evidence 403 but does not engage in explicit balancing." *United States v. Leo Sure Chief*, 438 F.3d 920, 925 (9th Cir. 2006). In such cases, the district court's determination is reviewed de novo. *Id.*

Although the district court did not expressly rely on Rule 403, its ruling reflects a determination that the relevance of the proffered evidence was outweighed by the potential for prejudice that could flow from creating an opportunity for the Government to call Richey as a rebuttal witness. Evidence of reliance on erroneous advice from Richey would not have negated a rational trier of fact's determination of willfulness in the years before the Rosses hired Richey: the years from 1998 through 2003. Any reliance on advice from Richey would have been relevant only to a portion of the single conspiracy count, which covered the period from 1998 through the time of the grand jury indictment in 2008.[1] Accordingly, we conclude that the district court did not err in excluding the proffered evidence.[2]

III

---

[1]We express no view regarding whether evidence of Richey's advice should have been admitted regarding the sufficiency of the evidence as to the conspiracy count. That issue can be addressed on habeas corpus review, if such relief is requested. In *United States v. Barron*, 172 F.3d 1153 (9th Cir. 1999), we stated that under the "broad and flexible power" conferred by § 2255, a district court may set aside an inmate's conviction. *Id.* at 1160 (internal quotation marks omitted) (quoting *United States v. Handa*, 122 F.3d 690, 691 (9th Cir. 1997)).

[2]Lei Ross also argues that, as a result of the district court's ruling on the joint proffer of evidence, she "was denied her Sixth Amendment right to present a defense and her Fifth and Sixth Amendment rights to due process." Because we conclude that the district court's ruling did not constitute error, we do not reach Lei Ross's arguments that the error rose to the level of a constitutional violation.

Lei Ross contends that the trial court erred by failing to sever her trial from her husband's on the basis of an alleged conflict of interest with David Ross's trial counsel. She also argues that her own trial counsel rendered ineffective assistance by failing to make a timely motion for severance. We review claims that are not raised below for plain error. *United States v. Nevils*, 598 F.3d 1158, 1170 (9th Cir. 2010).

The district court was not obliged, sua sponte, to sever Lei Ross's trial from her husband's. Additionally, in light of the absence of reference to any facts in the trial record that relate to the basis for the decision of Lei Ross's counsel not to move to sever, a collateral attack on the conviction, pursuant to 28 U.S.C. § 2255, is the appropriate forum for Lei Ross to pursue her ineffective assistance of counsel claim.

**AFFIRMED.**