FILED

NOT FOR PUBLICATION

DEC 03 2014

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| ALFONSO W. JANUARY, an individual, | No. 12-56171 |
| Plaintiff-Appellee, | D.C. No. 2:09-cv-03279-DMG-CW |
| and | |
| ROBERT M. WARD, an individual; ROBERT E. JONES, an individual; JOSE M. VALADEZ, an individual; LEONARD TALTON, an individual; GARY SUHAY, an individual, | MEMORANDUM[*] |
| Plaintiffs, | |
| v. | |
| DR PEPPER SNAPPLE GROUP, INC., a business entity, form unknown, erroneously sued as Dr. Pepper Snapple Group; THE AMERICAN BOTTLING COMPANY, a business entity, form unknown, erroneously sued as American Bottling Company, | |
| Defendants-Appellants, | |
| and | |
| CADBURY SCHWEPPES BOTTLING | |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

GROUP; CADBURY SCHWEPPES HOLDINGS INC.; 7-UP/RC BOTTLING COMPANY OF SOUTHERN CALIFORNIA,

    Defendants.

ALFONSO W. JANUARY, an individual,

    Plaintiff-Appellee,

 and

ROBERT M. WARD, an individual; ROBERT E. JONES, an individual; JOSE M. VALADEZ, an individual; LEONARD TALTON, an individual; GARY SUHAY, an individual,

    Plaintiffs,

 v.

DR PEPPER SNAPPLE GROUP, INC., a business entity, form unknown, erroneously sued as Dr. Pepper Snapple Group; THE AMERICAN BOTTLING COMPANY, a business entity, form unknown, erroneously sued as American Bottling Company,

    Defendants-Appellants,

 and

No. 12-56608

D.C. No. 2:09-cv-03279-DMG-CW

2

CADBURY SCHWEPPES BOTTLING GROUP; CADBURY SCHWEPPES HOLDINGS INC.; 7-UP/RC BOTTLING COMPANY OF SOUTHERN CALIFORNIA,

Defendants.

On Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Argued and Submitted November 20, 2014
Pasadena, California

Before: TASHIMA, W. FLETCHER, and BYBEE, Circuit Judges.

Defendants-Appellants Dr Pepper Snapple Group, Inc. (Dr Pepper) and The American Bottling Co. (ABC) appeal following a jury verdict awarding Plaintiff-Appellee Alfonso January $1,140,000 in compensatory damages and $1,335,400 in punitive damages for age discrimination under California's Fair Employment and Housing Act (FEHA), Cal. Gov't Code § 12900 *et seq.* We have jurisdiction under 28 U.S.C. § 1291, and we reverse.

1.     Defendants first claim prejudicial error based on the district court's interpretation of the parties' stipulation that "Plaintiffs are or were employed by Defendants." We review the district court's interpretation of a stipulation de novo, *United States v. Lawton*, 193 F.3d 1087, 1094 (9th Cir. 1999), *superseded by*

3

*statute on other grounds*, and we review the district court's refusal to modify a pretrial order to relieve a party of a stipulation for abuse of discretion, *Byrd v. Guess*, 137 F.3d 1126, 1131 (9th Cir. 1998), *superseded by statute on other grounds*.

The district court correctly interpreted the stipulation as establishing that Dr Pepper, not just ABC, was Plaintiffs' employer. The stipulation unambiguously refers to "Defendants" in the plural, and the pretrial conference order clearly provides that "Defendants" are ABC and Dr Pepper. The district court did not abuse its discretion in refusing to modify the pretrial conference order to relieve Defendants of the stipulation. Defendants did not formally move for modification of the pretrial conference order, and even if they had, they have not shown that enforcement of the stipulation resulted in manifest injustice.

Although the district court correctly interpreted the stipulation as establishing that Dr Pepper was Plaintiffs' employer, the district court erred in interpreting the stipulation as establishing Dr Pepper's joint liability with ABC for compensatory and punitive damages. The stipulation does not expressly provide that Defendants are joint employers. But even if it did, joint employment merely establishes that two entities may be considered employers under FEHA. *See Bradley v. Cal. Dep't of Corr. & Rehab.*, 71 Cal. Rptr. 3d 222, 230–32 (Ct. App.

4

2008), *cited with approval in Patterson v. Domino's Pizza, LLC*, 333 P.3d 723, 740 (Cal. 2014). California courts have indicated that joint employers are not necessarily jointly liable for discrimination in violation of FEHA. *See Mathieu v. Norrell Corp.*, 10 Cal. Rptr. 3d 52, 59–60 (Ct. App. 2004) (holding that the plaintiff's general employer was not liable under FEHA for harassment and discrimination by an agent of the plaintiff's special employer). And nothing in the relevant statutes suggests otherwise. *See* Cal. Gov't Code § 12940(a) (providing that "[i]t is an unlawful employment practice . . . *[f]or an employer*" to discriminate against a person because of a protected ground (emphasis added)); Cal. Civ. Code § 3294(b) (providing that punitive damages can only be imposed on a corporate employer if "an officer, director, or managing agent *of the corporation*" committed, authorized, or ratified wrongful conduct (emphasis added)).

We therefore reverse and remand for a new trial.[1] On retrial, the stipulation shall not be interpreted to relieve January of the burden of proving each Defendant's liability for compensatory and punitive damages.

**2.** Defendants next claim prejudicial error based on the district court's exclusion of evidence and argument regarding the existence and amount of ABC's

---

[1] We must remand for a complete new trial because the compensatory damages verdict did not identify which defendant was liable for what portion of the damages.

5

workers' compensation settlements with January and his co-plaintiffs. Because the district court excluded this evidence under Federal Rule of Evidence 403 without explicitly weighing the settlements' probative value as to issues of intent and punitive damages, we review the exclusion de novo. *United States v. Leo Sure Chief*, 438 F.3d 920, 925 (9th Cir. 2006).

Evidence that ABC paid hundreds of thousands of dollars to settle Plaintiffs' workers' compensation claims would have been highly probative. The jury could have believed that such evidence discredited Plaintiffs' "profits over people" theory of the case. The jury also could have found such evidence to be relevant to its determination whether Dr Pepper acted with malice and oppression or in its determination of the amount of punitive damages to impose. By contrast, the potential for prejudice—that the jury might deduct the workers' compensation settlements from the damages award—could have been mitigated by instructing the jury not to consider the settlements when determining the amount of damages. The dangers of unfair prejudice and confusion therefore do not substantially outweigh the evidence's probative value. *See* Fed. R. Evid. 403.

This error was not harmless. Although Defendants were allowed to tell the jury that Plaintiffs' claims were "accepted" and to introduce evidence of ABC's historical workers' compensation payments, such evidence was not comparable in

strength to the excluded evidence. *See Obrey v. Johnson*, 400 F.3d 691, 701–02 (9th Cir. 2005).

We therefore reverse and remand for a new trial on this ground as well. On retrial, Defendants shall be permitted to introduce evidence of the existence and amount of their settlements of Plaintiffs' workers' compensation claims.[2]

**3.** Defendants claim several additional errors. Because the resolution of these claims may affect any retrial, we will address them. We conclude that Defendants' arguments are without merit.

First, Defendants argue that the district court erred in allowing January to testify about his depression and mental distress. Defendants are incorrect. As the district court correctly explained, an expert medical opinion would have been required to establish that discrimination caused clinical depression for purposes of economic damages, but was not required to establish that January experienced mental distress and depression for purposes of noneconomic damages. January was entitled to prove the latter type of damages by testifying about his own perceptions. *See* Fed. R. Evid. 701.

---

[2] We leave it to the sound discretion of the district court to decide if a cautionary instruction is necessary on the limited purposes for which such evidence is introduced, as well as the wording of such an instruction.

7

Second, Defendants argue that January failed to produce sufficient evidence at trial that discrimination was a substantial factor in causing his injuries. To the contrary, there is sufficient evidence in the record from which a jury could conclude that Defendants' agents engaged in discrimination and thereby caused January to injure his shoulder and to experience mental distress, anxiety, and depression. *See Fisher v. City of San Jose*, 558 F.3d 1069, 1074 (9th Cir. 2009).

Third, Defendants argue that the district court erred in allowing Plaintiffs' damages expert to opine that January suffered damages in the form of lost overtime payments. We review for abuse of discretion a district court's decision to allow expert testimony under Federal Rule of Evidence 702. *Estate of Barabin v. AstenJohnson, Inc.*, 740 F.3d 457, 460 (9th Cir. 2014) (en banc). The district court did not abuse its discretion. The damages expert's methodology—extrapolating from January's past W-2s and wage statements to estimate his lost overtime pay—was sufficiently reliable. *See id.* at 463. Defendants' arguments to the contrary go the weight of the testimony, not its admissibility.

Lastly, Defendants argue for the first time on appeal that the second and third categories of compensatory damages in the verdict form permitted double recovery of mental-distress damages. Because Defendants failed to raise this issue below, the argument is waived. *See Bolker v. Comm'r of Internal Revenue*, 760

8

F.2d 1039, 1042 (9th Cir. 1985).  In any event, the third category of compensatory damages recovered by January did not include mental-distress damages; rather, it included only damages for "past and future physical impairment, including shoulder, stress & strain."[3]

    **4.**    Because we reverse and remand for a new trial, we also vacate January's attorneys' fees award, pending the outcome of the new trial.

    **REVERSED and REMANDED.**

---

[3] Because Plaintiffs were not required to prove Dr Pepper's separate liability at the first trial, but will have the opportunity to do so on retrial, we decline to decide at this point whether Plaintiffs presented sufficient evidence at the first trial that a managing agent of Dr Pepper ratified age discrimination.