**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

CURTIS T. HOLDEN, DBA Advanced
Podiatry Specialists PS,
*Defendant-Appellant*.

No. 13-30308

D.C. No.
2:11-cr-02064-
RHW-1

OPINION

Appeal from the United States District Court
for the Eastern District of Washington
Robert H. Whaley, Senior District Judge, Presiding

Argued and Submitted
September 1, 2015—Seattle, Washington

Filed December 3, 2015

Before: Michael Daly Hawkins, Ronald M. Gould,
and Sandra S. Ikuta, Circuit Judges.

Opinion by Judge Gould

**SUMMARY**[*]

**Criminal Law**

The panel affirmed a conviction for thirty-two counts of health care fraud in violation of 18 U.S.C. § 1347.

The panel rejected the defendant's contention that revised Count 41 was barred by the statute of limitations. The panel held that health care fraud in violation of § 1347 is a continuing offense, and that so long as the indictment was, as here, written so as to allege only one execution of an ongoing scheme, the government may charge a single health care fraud scheme even when several acts in furtherance of the scheme fall outside the statute of limitations.

The panel rejected the defendant's contentions that revised Count 41 impermissibly broadened the charges against him, that revised Count 41 did not allege an execution of a fraudulent scheme, and that the Second Superseding Indictment improperly expanded the original indictment.

The panel resolved other issues in a concurrently-filed memorandum disposition.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## COUNSEL

Beth Mary Bollinger (argued), Spokane, Washington, for Defendant-Appellant.

Mary K. Dimke (argued)and Aine Ahmed, Assistant United States Attorneys; Michael C. Ormsby, United States Attorney, Yakima, Washington, for Plaintiff-Appellee.

## OPINION

GOULD, Circuit Judge:

Dr. Curtis Holden appeals from his jury conviction for thirty-two counts of health care fraud in violation of 18 U.S.C. § 1347. We focus on Holden's challenges to the original and superseding indictments the government brought against him.[1] We must decide: (1) whether revised Count 41 was barred by the statute of limitations; (2) whether revised Count 41 improperly broadened the charges against Holden; (3) whether revised Count 41 alleged an execution of a fraudulent scheme; and (4) whether the inclusion of two counts in the superseding indictment resulted in a constructive amendment to the original indictment. We have jurisdiction under 18 U.S.C. § 1291, and we affirm.

## I

Defendant-Appellant Dr. Curtis Holden is a podiatrist and the owner of Advanced Podiatry Specialists, P.S. ("Advanced

---

[1] We resolve all other issues and affirm the district court in a memorandum disposition filed concurrently with this opinion.

Podiatry") in Yakima, Washington. Holden, along with other podiatrists employed at Advanced Podiatry, treated patients covered by Medicare, Medicaid, Washington State Department of Labor and Industries, and private insurance programs.

On April 21, 2011, the government brought a 59-count indictment against Holden, charging fifty-six counts of health care fraud under 18 U.S.C. § 1347 and three counts of "false statements relating to health care matters," violating 18 U.S.C. § 1035. Holden moved to dismiss Counts 41–56, seventeen alleged false bills stemming from a single visit to a nursing home on January 6, 2006, as being outside of the five-year statute of limitations set by 18 U.S.C. § 3282(a). In response, the government argued that: (1) the limitations period did not begin to run until Holden received the payments for his fraudulent claims, some of which were received after April 6, 2006; and (2) the seventeen counts were part of a "continuing scheme to defraud," and as such, the limitations period ran from the date of the last execution of the scheme. The district court partially rejected both of the government's arguments, ruling that, although healthcare fraud might be a continuing offense, it could not be when the government charged each alleged fraudulent act as a separate count. Further, the district court concluded that even though the execution of a health care fraud scheme was not complete until the defendant received the proceeds, the government could only show a single count—Count 42—where the date of payment placed the indictment within the statute of limitations. The district court dismissed Counts 41 and 43–56 without prejudice.

On June 19, 2012, the government filed its Second Superseding Indictment, in which the sixteen dismissed

counts were consolidated with the original Count 42 to create a revised Count 41. The government contended that the new count alleged a continuing scheme to defraud. Revised Count 41 read:

> That on or about the date of service of January 6, 2006 and continuing through the date of the last payment of claims submitted for that date of service on February 27, 2007, in the Eastern District of Washington, **CURTIS T. HOLDEN**, dba ADVANCED PODIATRY, knowingly and willfully executed and attempted to execute the above-described scheme and artifice to obtain, by means of materially false and fraudulent pretenses, representations and promises, money owned by and under the custody of Medicare . . . in connection with the delivery of and payment for health care benefits, items and services by submitting or causing to be submitted claims for payment from Medicare which falsely represented the service of an "Evaluation and Management" office visit for patients seen at Garden Village, a skilled nursing facility, when, in fact, an Evaluation and Management visit was not the service provided, all in violation of 18 U.S.C. § 1347(2).

Holden once again filed a motion to dismiss arguing that the superseding indictment violated the statute of limitations. He contended that revised Count 41 still violated the five-year statute of limitations, and also substantially broadened the language of the original indictment, such that it did not relate back to the original indictment and the limitations

period was not tolled.  The district court denied the motion, holding that Holden had adequate notice of all the charges against him, and that "the Superseding Indictment did not 'substantially or materially' broaden the charges against [Holden]," tolling the statute of limitations.

After a seven-day trial, the jury convicted Holden of thirty-two counts of health care fraud, acquitting him of Counts 1–2, 11–13, 19–20, 22–23, and 42–44.

## II

On appeal, Holden challenges the Second Superseding Indictment on several grounds.  He contends that revised Count 41 should have been dismissed because it violated the statute of limitations under 18 U.S.C. § 3282(a), broadened the charges against him, and failed to allege an execution of a fraudulent scheme.  Further, he argues that Counts 42–44 resulted in an impermissible, constructive amendment to the original indictment.

We review the sufficiency of an indictment de novo, *United States v. Lazarenko*, 564 F.3d 1026, 1033 (9th Cir. 2009), and also review a district court's decision not to dismiss an indictment on statute of limitations grounds de novo, *United States v. Leo Sure Chief*, 438 F.3d 920, 922 (9th Cir. 2006).  A claim of constructive amendment to an indictment previously raised below is likewise reviewed de novo. *United States v. Ward*, 747 F.3d 1184, 1188 (9th Cir. 2014).

*A. Statute of Limitations*

We first assess whether the district court erred by allowing the Second Superseding Indictment, which consolidated original Counts 41–56 to create revised Count 41. The district court permitted revised Count 41 by reasoning that health care fraud is a continuing offense.

A continuing offense "involves (1) an ongoing course of conduct that causes (2) a harm that lasts as long as that course of conduct persists." *United States v. Morales*, 11 F.3d 915, 921 (9th Cir. 1993). Unlike most crimes, it is only after this ongoing course of conduct is complete that the "crime is complete" for statute of limitations purposes. *Toussie v. United States*, 397 U.S. 112, 115 (1970). Thus, a continuing offense punishes "each execution of a fraudulent scheme rather than each act in furtherance of such a scheme . . . ." *United States v. Molinaro*, 11 F.3d 853, 859 (9th Cir. 1993). The Supreme Court has held an offense is "continuing" when either: (1) "the explicit language of the substantive criminal statute compels such a conclusion"; or (2) "the nature of the crime involved is such that Congress must assuredly have intended that it be treated as continuing one." *Toussie*, 397 U.S. at 115.

We have not previously considered whether health care fraud in violation of 18 U.S.C. § 1347 is a continuing offense. The Fifth Circuit has, however, evaluated this issue in *United States v. Hickman*, 331 F.3d 439, 445–46 (5th Cir. 2003). The court there held that § 1347 is a continuing offense, making analogy to 18 U.S.C. § 1344, which criminalizes bank fraud. *Id.* Because the Fifth Circuit had already held that § 1344 was a continuing offense, and because § 1347 was modeled after § 1344 with nearly identical language and

structure, the court concluded that § 1347 must also, by analogy, be a continuing offense.  *Id.*

Like the Fifth Circuit, we have already held that § 1344 is a continuing offense.  *See United States v. Najjor*, 255 F.3d 979, 983–84 (9th Cir. 2001); *United States v. Nash*, 115 F.3d 1431, 1441 (9th Cir. 1997).  We have also held that § 1344 is to be used as an interpretive model for § 1347.  *See United States v. Awad*, 551 F.3d 930, 937–38 (9th Cir. 2009).  We agree with the Fifth Circuit and hold that health care fraud in violation of 18 U.S.C. § 1347 is a continuing offense.

Yet, that does not completely resolve the question before us.  Some of the counts in the original indictment were dismissed as barred by the statute of limitations period under 18 U.S.C. § 3282(a).  Though the government may be allowed to allege that many fraudulent acts make up a single scheme, it does not necessarily follow that the government may combine those acts into a single charge when some acts fall outside the statute of limitations.  Thus, the district court was only justified in permitting revised Count 41 if the multiple acts completed in relation to the 2006 nursing home visit could be charged together as a single scheme to avoid statute of limitation problems.

In light of *Awad,* the government could charge Holden's fraudulently submitted claims as multiple counts.  *See Awad*, 551 F.3d at 937–38.  However, the government was not precluded from charging all of the claims as a single count. In *Awad*, we held that "each execution of the [health care] scheme to defraud *may* be charged as a separate count," not that it must be.  *Id.* at 938 (emphasis added).  This reasoning is reinforced by our precedent involving duplicity challenges, where we previously have held that an act which could

constitute an independent execution of a bank fraud scheme in violation of 18 U.S.C. § 1344 did not need to be charged as a separate count. *United States v. King*, 200 F.3d 1207, 1213 (9th Cir. 1999) (answering in the negative whether "an act which *can* be viewed as an independent execution of a scheme *must* be charged in a separate count."). So long as the "indictment was written so as to allege only one execution of an ongoing scheme," *id.*, we hold that the government may charge a single health care fraud scheme in violation of 18 U.S.C. § 1347 even when several acts in furtherance of the scheme fall outside the statute of limitations.

In the Second Superseding Indictment, the government was careful to allege only one execution of an ongoing scheme in relation to the services performed at the nursing home in 2006. "Holden . . . knowingly and willfully executed and attempted to execute the above-described scheme and artifice to obtain, by means of materially false and fraudulent pretenses, representations and promises, money owned by and under the custody and control of Medicare . . . ." Though some acts in furtherance of the alleged scheme may have been outside the statute of limitations, the scheme, as charged in revised Count 41, was within the five-year period under 18 U.S.C. § 3282(a).

Though the parties disagree as to what act constitutes the "execution" of a scheme in violation of 18 U.S.C. § 1347, we need not decide that issue. Holden's final fraudulent claim was submitted on February 14, 2007, and the payment for that claim came two days later on February 16, 2007. Regardless of whether the execution occurs at submission or receipt of payment, the alleged scheme was executed less than five years before the original indictment was filed on April 21, 2011.

We conclude that the district court did not err by allowing the government to proceed on revised Count 41. Health care fraud in violation of 18 U.S.C. § 1347 is a continuing offense, which may be properly charged as a single scheme in a single count.

### B. Other Indictment Challenges

We reject Holden's other challenges to the indictment. First, Holden contends that revised Count 41 impermissibly broadened the charges against him by including facts substantially different from those alleged in the original Counts 41–56. If a district court dismisses an indictment, or a portion of an indictment, the savings clause of 18 U.S.C. § 3288 permits the government to return a new indictment after the statute of limitations has expired, so long as it is done within six months of the dismissal. *United States v. W.R. Grace*, 504 F.3d 745, 753 (9th Cir. 2007) (quoting *United States v. Charnay*, 537 F.2d 341, 354 (9th Cir. 1976)).

Specifically, Holden argues that the new charge exposed him to liability for any patient seen at the nursing home for up to fourteen months, the time period alleged in revised Count 41. But his claims are based on a misreading of the superseding indictment. "An indictment must be read in its entirety and construed in accord with common sense and practicality." *United States v. Alber*, 56 F.3d 1106, 1111 (9th Cir. 1995). In the Second Superseding Indictment, the government simply included the start and end dates of Holden's alleged fraudulent scheme, which began on the date of service—January 6, 2006—and ended on the final date that Advanced Podiatry received payment for a fraudulent claim—February 27, 2007. "The test for sufficiency of the indictment is 'not whether it could have been framed in a

more satisfactory manner, but whether it conforms to minimal constitutional standards.'" *Awad*, 551 F.3d at 935 (quoting *United States v. Hinton*, 222 F.3d 664, 672 (9th Cir. 2000)). And here, Holden had sufficient notice of the charges brought against him. The government did exactly what the district court said would be permissible when the district court dismissed Counts 41 and 43–56 without prejudice—combine the seventeen fraudulent billings as a single count. We conclude that revised Count 41 was based on "the same factual allegations as the original indictment," *United States v. Hickey*, 580 F.3d 922, 929 (9th Cir. 2009), and did not substantially broaden the charges against him.

Second, for the first time on appeal, Holden argues that revised Count 41 did not allege an execution of a fraudulent scheme. The indictment must be "liberally construed in favor of validity," *United States v. James*, 980 F.3d 1314, 1316 (9th Cir. 1992), and "it is only required that 'the necessary facts appear in *any form* or *by fair construction* can be found within the terms of the indictment,'" *id.* at 1317 (quoting *Kaneshiro v. United States*, 445 F.2d 1266, 1269 (9th Cir. 1971)). Here, the Second Superseding Indictment alleged an execution of a scheme, as it stated that Holden "submi[tted] or caus[ed] to be submitted claims for payment from Medicare which falsely represented the service of an 'Evaluation and Management' office visit for patients seen at Garden Village, a skilled nursing facility, when, in fact, an Evaluation and Management visit was not the service provided." Moreover, given the context of revised Count 41, discussed above, Holden also had notice of the charges against him.

Finally, Holden contends that the Second Superseding Indictment "improperly expanded" the original indictment by

including Counts 42–44, which alleged illegal conduct in 2010. However, as the government notes, there is no dispute that Counts 42–44 were returned by the grand jury, and the evidence presented in support of those counts does not vary or expand the indictment in any material way.

## III

We affirm the jury conviction finding Holden guilty of thirty-two counts of health care fraud in violation of 18 U.S.C. § 1347.

**AFFIRMED**.