**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    18-30207 |
| Plaintiff-Appellee, | D.C. No.<br>2:17-cr-00138-TOR-1 |
| v. | |
| EUGENE DALE ABRAHAMSON, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, Chief District Judge, Presiding

Submitted May 4, 2020[**]
Seattle, Washington

Before:  KLEINFELD, W. FLETCHER, and RAWLINSON, Circuit Judges.

Appellant Eugene Dale Abrahamson (Abrahamson) appeals the district

court's exclusion of a conversation between the victim and a tribal officer

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

regarding her potential expulsion from the reservation.  Abrahamson contended that the evidence was relevant to the victim's alleged bias and motive to lie.

We review the district court's evidentiary rulings for abuse of discretion. *See United States v. Thornhill*, 940 F.3d 1114, 1117 (9th Cir. 2019).

Under Rule 608(b) of the Federal Rules of Evidence, extrinsic evidence is inadmissible "to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness."  Fed. R. Evid. 608(b). However, extrinsic evidence may be admitted in certain circumstances during cross-examination, if the evidence is probative of a witness's character for truthfulness or untruthfulness.  *See id.*  The district court retains broad discretion to exclude relevant evidence if the "probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."   Fed. R. Evid. 403.

The district court acted within its broad discretion in excluding the tribal officer's testimony.  *See United States v. Higuera-Llamos*, 574 F.3d 1206, 1209 (9th Cir. 2003) (describing the "wide latitude" afforded the district court).  In any event, the court permitted Abrahamson to testify regarding the victim's alleged bias, thereby eliminating any harm from the district court's ruling.  *See United*

*States v. Leo Sure Chief*, 438 F.3d 920, 925 (9th Cir. 2006) (concluding that the district court's exclusion of testimony was harmless as another witness testified to the information).

**AFFIRMED.**